UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

GLENN WHITING,
Plaintiff,

v.   Case No.   /JURY DEMAND

CITY OF ATHENS,
SETH SUMNER, BO PERKINSON,
BRANDON AINSWORTH,
JAMESON SLIGER, TY GABLE,
ROD WALKER, SETH WALKER,
TONIA RATLEDGE DAKE,
CHAD RAMSEY, DEB CARDIN,
CODY WILLIAMS, DAVE ALBERTSON,
TYLER HICKS, ENOCH DIXON,
ROBERT EVANS, JASON FLING,
JOSHUA FULBRIGHT,
GREGORY GABLE,JACKSON ENGRAM
QUINTON KEY, CLARA KIRKSEY,
CHRISTOPHER LILLARD,
DUSTIN MARTIN, DEXTER MILLER,
CASEY MOSES, ROBERT MOSES,
RONALD NIPPER, JOSHUA ROACH,
JOHNATHAN PARROT,
TIMOTHY SCHULTZ,
CHRISTOPHER SMITH,
and
OFFICER JIM GARLAND Badge #132,
Defendants.

# COMPLAINT

Comes now the plaintiff Glenn Whiting by and through his attorney Van R. Irion, and bring this complaint for damages, including punitive damages, and injunctive relief against the defendants above-identified defendants, and in support thereof states as follows:

**Parties**

1.  Plaintiff Glenn Whiting is an individual, and a Tennessee citizen, with a primary residence in McMinn County, TN.

1

2. Mr. Whiting is not a public figure.

3. Mr. Whiting has never held public office and has never run for any public office.

4. Defendant Seth Sumner is an individual currently residing in Athens, TN. Defendant Sumner was the City Manager for Athens at all times relevant to this lawsuit. His contract with the City has since been terminated. Defendant Sumner is sued in his official and in his individual capacities.

5. Defendant Bo Perkinson is an individual currently residing in Athens, TN. Defendant Perkinson was the Mayor for Athens at all times relevant to this lawsuit. He has since been voted out of office. Defendant Perkinson is sued in his official and 0his individual capacities.

6. Defendant Jamison Sliger is an individual and employee of the City of Athens. Upon information and belief defendant Jamison works in the Athens Department of Parks and Recreation. Defendant Jamison is sued in his official and in his individual capacities.

7. Defendants Ty Gable is an individual and a Firefighter for the City of Athens. Defendant Gable is sued in his official and in his individual capacities.

8. Defendant Rod Walker is an individual and former Firefighter for the City of Athens. Upon information and belief, defendant Rod Walker is now retired. Defendant Rod Walker is sued in his individual capacity.

9. Defendant Seth Walker is an individual and a Firefighter for the City of Athens. Upon information and belief, defendant Seth Walker is the son of defendant Rod Walker. Defendant Seth Walker is sued in his official and in his individual capacities.

10. Defendants Tonia Ratledge Dake is an individual. Upon information and belief defendant Dake is an employee of the City of Athens. Defendant Dake is sued in her official and in her individual capacities.

11. Defendant Chad Ramsey is an individual and a Firefighter for the City of Athens. Upon information and belief defendant Ramsey was on duty and in uniform at the time he confronted the plaintiff on July 4, 2022. Defendant Ramsey is sued in his official and in his individual capacities.

12. Defendant Deb Cardin is an individual and a mother of an Athens City Firefighter. Defendant Cardin is sued in her individual capacity.

13. Defendant Cody Williams is an individual and a Firefighter for the City of Athens. Defendant Williams is sued in his official and in his individual capacities.

14. Defendant Jim Garland is an individual and a Police Officer for the City of Athens. Defendant Garland was in uniform and on duty when he confronted the plaintiff on July 4, 2022. Defendant Garland is sued in his official and in his individual capacities.

15. Defendant City of Athens is a governmental entity, legally empowered to sue and be sued, formed pursuant to the laws of the State of Tennessee, and located in McMinn County, Tennessee.

16. Defendant Brandon Ainsworth is an individual and Chief of the Fire Department for the City of Athens. Defendant Ainsworth is sued in his official and in his individual capacities.

19. Defendants Cody Williams, Dave Albertson, Tyler Hicks, Enoch Dixon, Robert Evans, Jason Fling, Joshua Fulbright, Gregory Gable, Jackson Engram, Quinton Key, Clara Kirksey, Christopher Lillard, Dustin Martin, Dexter Miller, Casey Moses, Robert Moses, Ronald Nipper, Joshua Roach, Johnathan Parrot, Timothy Schults, and Christopher Smith, are all individuals employed as firefighters for the City of Athens.

## Jurisdiction and Venue

20. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. Remedies are provided by 42 U.S.C. § 1983.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that form the basis for this Complaint primarily occurred in this district.

## General Allegations

22. Upon information and belief, defendants Sumner, Perkinson, and Ainsworth have made false statements about the plaintiff to numerous third parties, with knowledge that said statements were false.

23. Upon information and belief said false statements were made to members of the Athens/McMinn County community, including but not limited to members of the Athens Police Department, members of the Athens City Council, members of the Athens Fire Department, and other Athens employees.

24. Said false statements included, but were not limited to, assertions that plaintiff Whiting intended to video record children in the Athens Regional Park during the Independence Day, 2022, event, for prurient purposes.

25. Said false statements also included, but were not limited to, assertions that plaintiff Whiting's presence in the Athens Regional Park during the Independence Day, 2022, event, was with malicious intent and a desire to harm the City of Athens and the City's employees and said employees' family members. Upon information and belief, said employees were encouraged by defendants Sumner, Perkinson, and Ainsworth to harass, intimidate, threaten, and assault plaintiff Whiting when he showed up at said event.

26. Said false statements were intended to prevent and discourage plaintiff Whiting from attending, recording, and reporting on said event.

27. Said false statements have damaged plaintiffs' reputation in the Athens/McMinn County community, have exposed the plaintiff to public hatred, contempt, or ridicule, or have lowered him in the eyes of the community, and have caused the plaintiff personal humiliation and mental anguish, and has harmed the plaintiff's reputation in the eyes of the community.

28. Upon information and belief defendants Seth Sumner, Bo Perkinson, Brandon Ainsworth, and other Athens policy-makers conspired to encourage Athens employees to harass and assault Mr. Whiting and to prevent Whiting from exercising his right to free assembly, free speech, and freedom of the press.

### Incident of July 4, 2022

29. The City of Athens closed the Athens Regional Park to the public for its 2022 Independence Day celebration and fireworks show. City employees were given tickets to enter said park during said event and to allow said employees to invite family and friends to said event.

30. The decision to close the Athens Regional Park to the public during the Athens fireworks event on Independence Day, 2022, was controversial. Athens City Council Member Dr. Dick Pelley openly and publically opposed closing the park to the public. After the City's decision to close the park Dr. Pelley gave plaintiff Whiting a ticket to enter the park during the event as a guest of Council Member Pelley. Whiting's intent was to simply walk the park during the event in order to video record the event so that the excluded Athens citizens could know what their City employees were doing in the closed park during the event.

31. Upon information and belief defendants Seth Sumner, Bo Perkinson, Brandon Ainsworth, and other Athens policy-makers conspired to encourage Athens employees to harass Mr. Whiting. Specifically, said defendants informed Athens employees, including several of the named defendants herein, that plaintiff Whiting intended to attend, video tape, and report City activities at the July 4 City event at the closed Athens Regional Park. Said defendants instructed said Athens employees to harass Mr. Whiting. Said defendants made false and defamatory statements about plaintiff Whiting to said Athens employees. Specifically, upon information and belief, Defendants Sumner, Perkinson, and Ainsworth told City employees that Whiting intended to video tape children in the park for prurient purposes.

32. A video of plaintiff Whiting's visit to the park during said event is attached as an Exhibit to this complaint. Said video reveals numerous City employees, and their family members, repeatedly harassing, threatening, assaulting, impeding, and cursing plaintiff Whiting. Included in said harassment are accusations that Whiting was attempting to videotape children, accusations that Whiting is a "pervert," accusations that Whiting was violating the law, and threats of violence against Whiting.

33. Upon information and belief, most of said City employees and their family members had never met plaintiff Whiting prior to July 4, 2022.

34. Said harassment and threats began immediately upon Whiting arriving at the park and exiting his vehicle, and continued until Whiting departed.

35. Immediately upon exiting his car Whiting was confronted by defendant Jameson Sliger. Defendant Sliger asked Whiting if he was there to video record the event. Sliger immediately informed Whiting that Whiting was not allowed to photograph or video record any children at the park. Sliger later yelled at Whiting repeatedly telling him to "Get out of here!"

36. Defendant Rod Walker approached Whiting, blocking Whiting's progress, threatened Whiting, and grabbed Whiting's phone in an attempt to take the phone away and prevent Whiting from continuing to video record the event. Walker told Whiting that Whiting would not be allowed to video kids.

37. While Rod Walker assaulted Whiting, Rod's son defendant Seth Walker, an Athens Firefighter, stood next to Whiting grabbed Whiting's shoulder, holding Whiting in place while Rod Walker told Whiting that Whiting would not be allowed to video kids.

38. Defendant Ty Gable also physically pushed Whiting shoulder to shoulder, forcing Whiting to change directions. Gable also stated that Whiting cannot video children.

39. Defendant Deb Cardin yelled "don't fucking video tape kids in the goddamned park. Don't let me catch you doing it again…Get the fuck out of here!"

40. While Whiting was walking around police were called to the scene. Officer Jim Garland, Athens badge number 132, was approached by Rod Walker whom stated, "You know who it is." Garland responded, "No, who is it?" Rod Walker responded, "It's Glenn Whiting." Officer Garland responded, "How did he get in here, we were watching for him." Shortly after officer Garland approached Whiting and stood in front of Whiting, blocking Whiting's passage, and falsely informed Whiting that he was violating the law. Garland informed Whiting that he could not video tape children in the park. Garland informed Whiting that if Whiting's actions disturbed any other people in the park, then Whiting was violating the law and must stop or be removed. This statement is the opposite of what U.S. Supreme Court precedent establishes regarding what the Court refers to as a "heckler's veto." *See* Reno v. ACLU, 117 S.Ct. 2329, 2349 (1997). Defendant Garland stated that Whiting was filming children, and that that was illegal.

41. None of the Athens Police Officers made any attempt to protect Whiting from threats, assaults, and batteries, nor did they make any attempt to defend Whiting's right to record the event, or inform Whiting's harassers that he was acting within the law, even after one of the officers, Corporal Parson, acknowledged that Whiting was within his rights to record the event.

42. Other unidentified City employees and family members of City employees accused Whiting of video-taping children. Said unidentified individuals were too far from others to have heard the accusations regarding children. In other words, several groups of City invitees independently and consistently all made the same false accusation. Upon information and belief, this consistent identical false accusation arose from defendants Sumner's, Perkinson's, and Ainsworth's false statements about Whiting to City employees and encouragement of employees to harass Whiting with said false accusation.

43. Upon information and belief, all named defendants harassed plaintiff Whiting and attempted to dissuade Whiting from recording, speaking about, and reporting the July 4th event.

44. Defendant Ty Gable walked next to Whiting, physically bumping and pushing Whiting, sufficient to cause Whiting to change Whiting's direction of walking, while stating that his purpose was to prevent Whiting from video-taping children.

45. Defendant Deb Cardin threatened Whiting and repeatedly ordered him to stop recording. She then blocked Whiting's progress.

46. Upon information and belief, other individuals in the park were video-taping the event. None of those individuals were told to stop video recording.

47. Upon information and belief, other Athens employees posted photos and videos of the event on public web sites, including photos and videos of children at the event.

8

48. Upon information and belief, Athens employees video-taped the event. None of those individuals were told to stop video recording the event.

49. Upon information and belief, none of the Athens employees identified in this complaint have been disciplined in any way for the acts described herein. The City has made zero effort to begin any disciplinary action against said employees. Upon information and belief, this failure to discipline said employees is due to the fact that said employees were instructed to act as they did by defendants Sumner, Perkinson, Ainsworth, and other Athens policy-makers.

50. Whiting met other individuals at the park for the purpose of recording the event. Those other individuals were also told to stop recording and were threatened with physical violence by Athens employees.

### First Cause of Action
### Violation of Right to Assemble and Right to Free Speech and Right to Freedom of the Press as Protected by the First Amendment to the United States Constitution

51. The actions of the defendants, as set forth in the paragraphs above, which are fully incorporated herein, entitle the plaintiff to a remedy under 42 U.S.C. § 1983 because the defendants have, under color of state law, violated Plaintiff's clearly established rights to free speech, freedom to assemble, and freedom to publish, all pursuant to the First Amendment to the United States Constitution as applied to the states and their political subdivisions.

52. The defendants, acting under color of law, intentionally deprived the plaintiff of his right to free speech, freedom to assemble, and freedom to publish, by impeding and/or blocking plaintiff's access to Athens Regional Park at a time when plaintiff was an invited guest to the park of Council Member Pelley for purposes of recording and reporting the events and actions of government employees in said park.

53. The defendants, acting under color of law, intentionally deprived the plaintiff of his right to free speech, freedom to assemble, and freedom to publish, by harassing, threatening, and assaulting the plaintiff in Athens Regional Park at a time when plaintiff was an invited guest to the park of Council Member Pelley for purposes of recording and reporting the events and actions of government employees in said park. Said harassment, threats, and assaults were intended to prevent and dissuade the plaintiff from recording and reporting the events and actions of government employees in said park.

54. The defendants, acting under color of law, intentionally deprived the plaintiff of his right to free speech, freedom to assemble, and freedom to publish, by falsely accusing the plaintiff of violating the law by recording and reporting the events and actions of government employees in said park.

55. Defendants Sumner, Perkinson, and Ainsworth are policy-makers for the City of Athens.

56. Upon information and belief, defendants Sumner, Perkinson, and Ainsworth informed City employees that the plaintiff intended to attend the Regional Park Independence Day event and instructed and/or encouraged said employees to harass, assault, defame, impede, and/or dissuade the plaintiff from attending said event, recording said event, and reporting activities at said event. All actions taken by City employees in response to the instructions of defendants Sumner, Perkinson, or Ainsworth were, therefore, taken in pursuance of official policy of the City of Athens.

57. Upon information and belief, defendants Sumner, Perkinson, and Ainsworth, told City employees that plaintiff intended to video tape children in the park for prurient purposes. Defendants Sumner, Perkinson, and Ainsworth knew at the time they made said statements that said statements were false. Defendants Sumner, made said statements with malicious intent

toward the plaintiff. Defendants Sumner, Perkinson, and Ainsworth made said statements to City employees with the specific intent of preventing the plaintiff from attending, recording, and reporting the events at Athens Regional Park during the Independence Day event.

58. As a direct result of defendants' actions, the plaintiff has suffered direct and immediate violations of his constitutional rights and is therefore entitled to injunctive and declaratory relief, damages, including punitive damages, and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of his rights and the rights of others.

## Second Cause of Action
## Defamation

59. The plaintiff incorporates all of the preceding paragraphs of this complaint as if fully set forth, verbatim, here.

60. The defendants communicated statements of fact about the plaintiff.

61. Alternatively, the defendants communicated statements that implied facts about the plaintiff.

62. Said statements were made to other people via emails, internet posts, and verbal statements.

63. Some of said statements were published live via streaming video of a third party. Said video has been viewed over 80,000 times.

64. Said other people understood the defamatory meaning of said statements, as was intended by the defendants.

65. Specifically but not exclusively, upon information and belief, defendants Sumner, Perkinson, and Ainsworth communicated to Police officers, Athens City Council Members, Athens Firefighters, other Athens employees, and other members of the community, that plaintiff

Whiting intended to video tape children in Athens Regional park during the July 4th event with the intent of viewing the video for prurient purposes.

66. Said statements were all false.

67. The defendants knew at the time that they made said statements that said statements were false.

68. Alternatively, at the time the defendants made said statements, they were reckless and/or negligent as to the truthfulness of said statements.

69. Upon information and belief, the statements of the defendants described herein were motivated by the actual malice of the defendants toward the plaintiff.

70. The plaintiff has been damaged, has suffered impairment of reputation and standing in the community, personal humiliation, and mental anguish, all solely because of the unlawful actions of the defendants described herein.

**Third Cause of Action**
**Assault**

71. The plaintiff incorporates all of the preceding paragraphs of this complaint as if fully set forth, verbatim, here.

72. Defendants Ty Gable, Rod Walker, Seth Walker, Tonia Ratledge Dake, and Deb Cardin, all made threats of violence against the plaintiff sufficient to make the plaintiff reasonably fear imminent bodily injury.

73. Because of said statements of said defendants, plaintiff Whiting reasonably feared for his physical safety.

## Fourth Cause of Action
## Battery

74. The plaintiff incorporates all of the preceding paragraphs of this complaint as if fully set forth, verbatim, here.

75. Defendants Ty Gable, Rod Walker, and Seth Walker, all intentionally caused unwanted physical contact with plaintiff Whiting. Said contact was accompanied by threats of physical violence. Said contact was of the type that a reasonable person would regard as extremely offensive or provocative.

## Fifth Cause of Action
## Intentional Infliction of Emotional Distress

76. The plaintiff incorporates all of the preceding paragraphs of this complaint as if fully set forth, verbatim, here.

77. The actions of defendants Sumner, Perkinson, Jamison, Rod Walker, Seth Walker, Cardin, Ainsworth, Williams, and Gable, as set forth above, were intentional. Said actions were so outrageous that they are not tolerated by civilized society. Said actions resulted in serious mental injury to the plaintiff.

78. Specifically, defendants Sumner's, Perkinson's, and Ainsworth's conspiracy to have Whiting accused of video recording children for prurient puposes were intentional, outrageous, and caused Whiting serious mental anguish.

79. Specifically, defendants Jamison's, Rod Walker's, Seth Walker's, Cardin's, Willams, and Gable's actions of publically accusing Whiting of video recording children for prurient puposes, and calling Whiting a "pervert" while simultaneously shouting threats of violence and orders to leave, were intentional, outrageous, and caused Whiting serious mental anguish.

## Sixth Cause of Action
## Injunctive Relief and Declaratory

80. The plaintiff incorporates all of the preceding paragraphs of this complaint as if fully set forth, verbatim, here.

81. T.C.A. §§ 29-14-100 et seq. grants this Court authority to determine facts and declare the acts of the defendants, as set forth herein, to be in violation of the plaintiff's rights, and to enjoin the defendants from continuing to take said actions and similar actions.

82. The plaintiff has been injured and aggrieved by and will continue to be injured and aggrieved by the defendants' violations of his rights, absent injunction of this Court and declaratory finding of this Court that the defamatory accusations of the defendants were and are false.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS the following:

1. That a summons and a copy of this Complaint be issued and served upon each defendant and that they be required to answer within the time and in the manner provided by the Tennessee Rules of Civil Procedure;

2. Plaintiffs demand a jury to try this case;

3. That this Court grant a judgment against defendants for plaintiff's nominal damages of $1;

4. That this Court grant a judgment against defendants for punitive damages in an amount according to proof, calculated to discourage similar behavior of the defendants and others in the future;

5. That this Court enter preliminary and permanent injunctive relief, prohibiting the defendants from making further false statements against the plaintiff, and prohibiting the defendants from further harassing the defendant;

6. That this Court enter a declaratory judgment finding that the actions of the defendants were illegal and in contravention of plaintiff's rights;

7. That this Court award plaintiff the reasonable attorney's fees he has incurred in prosecution of this lawsuit, pursuant to 42 U.S.C. § 1988;

8. That this Court award plaintiff all the discretionary cost of this cause, including any filing fees, court costs, and reporter costs, transcripts, and expert fees; and

9. That this Court grant such other relief both special and general to which plaintiffs may prove to be entitled.

Respectfully submitted,

_s/Van R. Irion_____
Van R. Irion (BPR#024519)
Law Office of Van R. Irion, PLLC
800 S. Gay St., Suite 700
Knoxville, TN 37929
Attorney for Plaintiff
(865) 766-4040