# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| GLENN WHITING, | ) |
|     *Plaintiff*, | ) Case No. 3:23-cv-2 |
| v. | ) Related Case Nos. |
| | ) 3:23-cv-220 |
| CITY OF ATHENS, *et al.*, | ) 3:23-cv-221 |
|     *Defendants*. | ) Judge Travis R. McDonough |
| | ) Magistrate Judge Debra C. Poplin |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Glenn Whiting's objection to Magistrate Judge Poplin's order (Doc. 63) denying his motion to amend his complaint (Doc. 69). For the reasons that follow, the Court will **OVERRULE** Whiting's objection (Doc. 69). To the extent Whiting intends to move for leave to file a second amended complaint or supplement, he is **ORDERED** do so **on or before July 21, 2023.**

## I. BACKGROUND

On July 4, 2022, the City of Athens ("City") hosted an employee picnic and fireworks display ("Picnic").[1] (Doc. 31, at 6.) City employees and their guests attended. (*Id.*) A City-issued ticket was required for admission to the Picnic, and City employees were free to share their tickets with friends and family. (*Id.*) Dick Pelley, a City Council Member, decided to give his ticket to Plaintiff Glenn Whiting—a fact of which multiple City officials, including

---

[1] The facts presented in this section are drawn from Whiting's first amended complaint (Doc. 31) and are assumed true unless otherwise indicated.

Defendants Seth Sumner, Bo Perkinson, and Brandon Ainsworth, were supposedly aware. (*Id.*) Whiting, who "has posted many negative facts about [City officials] for years" and is engaged in "numerous civil lawsuits against the City," intended to livestream the Picnic "so that [] excluded [City] citizens could know what their City employees were doing in the closed park." (*Id.* at 2, 6.)

On July 4, 2022, hours before the Picnic began, two City police officers struck up a conversation about Whiting. (*Id.* at 7.) The officers suspected Whiting would attend the Picnic and that his presence was likely to cause "trouble." (*Id.*) As soon as Whiting arrived at the Picnic and began livestreaming the event with his cell phone, City employee Defendant James Sliger approached him and asked why he was there. (*Id.* at 8.) "Fireworks," Whiting answered. (*Id.*) Sliger pressed Whiting further, asking if he was taking pictures. (*Id.*) "Streaming,"[2] Whiting offered. (*Id.*) Sliger then informed Whiting that he could not photograph or video record any children at the park and ordered Whiting to leave. (*Id.*)

Chad Ramsey, a City firefighter, then "walked a significant distance across the park" to Whiting and cautioned, "you're not going to film our kids." (*Id.* at 9.) According to Whiting, Ramsey was out of earshot when Sliger engaged in the similar confrontation with Whiting. (*Id.*) Another Picnic attendee, Defendant Rod Walker, then approached Whiting, grabbed at Whiting's phone, and told Whiting he could not video kids. (*Id.*) Defendant Seth Walker, Rod's son and a City firefighter, gripped Whiting's shoulder to hold him in place during the exchange. (*Id.*) Yet another attendee, Defendant Ty Gable, advised Whiting not to film children and "physically pushed Whiting shoulder to shoulder." (*Id.*) Around this time, attendee Defendant Deb Cardin

---

[2] In his recording from the Picnic, Whiting clarifies: "I'm livestreaming everything. It's open online, right now, as you're talking. It's all being posted." (*Whiting's Picnic Recording*, at 8:38.)

2

yelled, "don't fucking video tape kids in the goddamned park. Don't let me catch you doing it again . . . Get the fuck out of here!" (*Id.*)

Rod Walker then informed a City police officer, Defendant Tom Garland, of Whiting's presence at the event. (*Id.*) In response, Officer Garland wondered aloud, "how did he get in here, we were watching for him." (*Id.*) As Officer Garland approached Whiting, who was still livestreaming, he queried, "hey buddy, can you do me a favor? Make sure you don't film any kids." (*Whiting's Picnic Recording*, at 9:27.) Upon receiving pushback from Whiting, Officer Garland more firmly stated that "[f]ilming juveniles is not legal" and advised: "Causing a disturbance by filming someone's children is illegal. It's called a disturbance, and I can ask you to leave if it continues." (*Id.* at 9:38, 12:25.) When Picnic attendees asked Whiting why he was recording the event, he responded that he "merely want[s] to show the fact that [the Picnic] is wrong" and communicated his belief that the Picnic should be open to the general public.[3] (*Id.* at 26:22.) According to Whiting, other Picnic attendees recorded the event and subsequently posted those recordings, some of which featured children, to public websites. (Doc. 31, at 11.)

Because "several groups of City invitees independently and consistently all made the same [] accusation [that Whiting was filming kids]," Whiting insists these comments could only be the product of Sumner, Perkinson, and Ainsworth's "assertions [to City employees] that [Whiting] intended to video record children [at the Picnic] for prurient purposes" and their instructions that Picnic attendees "harass, intimidate, threaten, and assault [ ] Whiting when he showed up." (*Id.* at 5.) Sumner served as City Manager at all relevant times. (*Id.* at 1.)

---

[3] Whiting's recording of the event, which he filed with the Court, is titled "Public employee private party on taxpayers dime!!!!" He can also be heard near the end of the recording explaining that the City, in years prior, opened the event up to the general public but had recently limited it only to City employees and their guests. (*See generally Whiting's Picnic Recording.*)

Perkinson served as the City's mayor at the time of the Picnic. (Doc. 31, at 2.) According to the City's charter, the City Mayor has the final say on implementing City policy. (*Id.* at 1–2.) Ainsworth was, during the relevant time period, the Chief of the City's Fire Department. (*Id.*)

On January 3, 2023, Whiting initiated the instant suit against thirty-three Defendants. (Doc. 1.) On March 29, 2023, Whiting filed a first amended complaint, bringing claims against an assortment of Defendants[4] for First Amendment retaliation and prior restraint, defamation, assault, battery, and intentional infliction of emotional distress. (Doc. 31, at 11–19.) Whiting sought to again amend his complaint (Doc. 44), this time seeking to add claims related to current City Mayor Steve Sherlin's public comments about Whiting, which were posted eight months after the Picnic, and to add Mayor Sherlin as a defendant in his individual and official capacities. (Doc. 44, at 3–4; Doc. 44-1, at 13.) But on June 16, 2023, United States Magistrate Judge Poplin denied his motion to do so, finding that the proposed claims "involve different factual scenarios" from the existing claims. (Doc. 63, at 10). Magistrate Judge Poplin's summary of the proposed claims' relevant background is as follows:

> The proposed allegations relate to city council meetings in March and April 2023. (*See* Doc. 44-1.) Specifically, Plaintiff alleges that on March 21, 2023, he attended a regular monthly public meeting, wherein he spoke about "several actions that had been promised by three Council members prior to their recent election, including promises to settle all pending litigation by [him] against the City." (Doc. 44-1 ¶ 63.) Plaintiff noted at the meeting that the promises were being ignored. (*Id.*) Plaintiff's "statements included an assertion that the City had already settled a lawsuit against it filed by recently-elected City Council Member and Vice Mayor Larry Eaton" and "that the City had refused offers to settle made by [Plaintiff]." (*Id.*) The Complaint alleges that "[i]mmediately after the meeting, Mayor Sherlin posted on Facebook several statements of fact about [Plaintiff] and about the history of settlement negotiations between the City and [Plaintiff], regarding this lawsuit and all other lawsuits between [them]." (*Id.* ¶ 64.) According to Plaintiff, Mayor Sherlin's Facebook post was "false and defamatory." (*Id.* ¶ 65.)

---

[4] Whiting has since whittled down the Defendant count in this case to sixteen.

4

> On April 18, 2023, Plaintiff attended the City's monthly meeting and made similar comments regarding his ongoing litigation with the City. (*Id.* ¶ 67.) After Plaintiff spoke, "Mayor Sherlin made false statements regarding the history of settlement negotiations between the City and [Plaintiff]." (*Id.*) Based on the above, Plaintiff seeks to add a First Amendment retaliation claim for the incident in March 2023, against the City and Mayor Sherlin, in his official capacity, and a defamation claim against Mayor Sherlin, in his individual capacity, for his Facebook post following the March meeting. (*Id.* at 22–26.)

(Doc. 63, at 3–4 (cleaned up).) Shortly after Magistrate Judge Poplin entered her order, Whiting filed two new actions featuring the same additional allegations as in the proposed second amended complaint at issue in the instant motion. (*See* Doc. 1 in Case No. 3:23-cv-220; Doc. 1 in Case No. 3:23-cv-221.) Pursuant to Local Rule 3.2(d)(3), Magistrate Judge Poplin deemed the cases related to the present action. (Doc. 3 in Case No. 3:23-cv-220; Doc. 3 in Case No. 3:23-cv-221.) Whiting's objection (Doc. 69) to Magistrate Judge Poplin's order (Doc. 63) is now before the Court.

## II.     STANDARD OF LAW

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may—upon a timely objection[5]—reconsider a nondispositive pretrial determination made by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a). By contrast, if a party objects to a magistrate judge's recommended disposition, the Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). This *de novo* review, in turn, requires this court to reexamine all the relevant evidence previously

---

[5] Whiting filed his objection to Magistrate Judge Poplin's order on June 30, 2023, fourteen days after order's entry. (*See* Docs. 63, 69.) Rule 72 allows for a fourteen-day window within which a plaintiff must file an objection. *See* Fed. R. Civ. P. 72(a).

5

reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). "[A] majority of [] courts [within the Sixth Circuit] . . . have concluded that a magistrate judge's denial of a motion to amend is 'nondispositive, subject only to review for clear error.'" *Ellison v. Clarksville Montgomery Cnty. Sch. Sys.*, No. 3:17-cv-00729, 2018 WL 998337, at *1 (M.D. Tenn. Feb. 21, 2018) (collecting cases).

Under Rule 15 of the Federal Rules of Civil Procedure, if a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*; *see also Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) ("Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'"). Denial of leave to amend may nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend ultimately lies within the court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971).

Rule 15 also affords litigants the ability to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" in order to allow parties to "address events occurring subsequent to the initial pleading." Fed. R. Civ. P. 15(d); *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-cv-00896, 2015 WL 13034990, at *10 (S.D. Ohio Aug. 7, 2015), *as amended*, No. 2:06-cv-896, 2016 WL

6

8223066 (S.D. Ohio Mar. 17, 2016). "The purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update [its] complaint to add allegations of later events relating to [its] original complaint." *United States v. Napper*, No. 3:17-cv-1478, 2023 WL 2254511, at *2 (M.D. Tenn. Feb. 27, 2023) (alterations in original) (citation omitted). A supplement filed pursuant to Rule 15 requires leave of the court. Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . . .").

An amendment or supplemental pleading under Rule 15 that proposes joinder of one or more additional parties is also subject to the joinder provisions of Rule 20. *See Price v. Caruso*, No. 1:07-cv-117, 2007 WL 2914232, at *2 (W.D. Mich. Oct. 3, 2007) ("Because plaintiff's motion adds both new plaintiffs and new claims, both the joinder provisions of Fed. R. Civ. P. 20(a) and the amendment provisions of Fed. R. Civ. P. 15(a) apply.") (citations omitted). According to Rule 20(a)(2), a person may be joined as a defendant if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Whether a plaintiff is permitted to join multiple defendants in a single action 'is a matter for the discretion of the district court.'" *LaPine v. Lincoln*, No. 1:19-cv-120, 2022 WL 2913990, at *3 (W.D. Mich. July 25, 2022) (quoting *Third Degree Films, Inc. v. John Does 1-72*, 2013 WL 1164024 at *5 (E.D. Mich. Mar. 18, 2013)). "This is a fact-specific inquiry undertaken on a case-by-case basis." *Id.* Though Rule 20 is "liberally construed in the interest of convenience and judicial economy," *Proctor v. Applegate*, 661 F. Supp. 2d 743, 779 (E.D. Mich. 2009), "the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Mims v. Simon*, No. 1:22-cv-323, 2022 WL 1284106, at *4 (W.D. Mich. Apr. 29,

7

2022) (quoting *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *4 (D.N.J June 23, 2008)).

III.     **ANALYSIS**

   A.     **Objection (Doc. 69) to Magistrate Judge Poplin's Order (Doc. 63)**

Whiting objects to Magistrate Judge Poplin's order denying him leave to file a second amended complaint primarily because he disagrees with her conclusion that his proposed claims "involve different factual scenarios" from the existing claims and thus do not satisfy Rule 20's requirements. (Doc. 69, at 3; Doc. 63, at 10). Rather, argues Whiting, the proposed and original claims "all constitute an entire campaign of harassment" by Defendants against him and therefore arise out of the same transaction or occurrence. (Doc. 69, at 4 (internal quotation marks and citation omitted).)

Magistrate Judge Poplin's conclusion is not clearly erroneous or contrary to established law. As she notes, Whiting's proposed additional allegations "relate to city council meetings in March and April 2023" and a Facebook post uploaded in the interim. (Doc. 63, at 3.) Whiting argues that the City and Steve Sherlin, current City Mayor,[6] retaliated against and defamed

---

[6] Mayor Sherlin is not a party to the present action, as he was not mayor at the time of the underlying events. (*See generally* Doc. 31.) Whiting insists in his motion to amend that Mayor Sherlin "must be joined . . . because the new facts and new claims are being asserted against the new defendant in his individual capacity and in his official capacity as Mayor of Athens." (Doc. 44, at 3.) If there remained any ambiguity as to whether Whiting intended to sue Mayor Sherlin in his individual capacity, Whiting again declares in his motion to amend that "Mayor Sherlin is named in his individual capacity and in his official capacity as Mayor of Athens," and, under his state-defamation claim, that the "cause of action is alleged against defendant Steve Sherlin in his individual capacity as a private citizen." (*Id.* at 5, 25.) Relying on Whiting's representations, Magistrate Judge Poplin based her decision on the determination that Mayor Sherlin cannot be properly joined to the present action, because the right of relief asserted against him does not arise from the same transaction or occurrence as the existing allegations. (Doc. 63, at 10.)

Incredibly, Whiting now argues "Rule 20 is inapplicable" because "no new party is added, according to [Magistrate Judge Poplin's] order." (Doc. 69, at 7.) But that order says no such thing. Whiting excises Magistrate Judge Poplin's language from its context in what can only be

Whiting for "speaking with individuals and Council Members at the Athens City Council's regular public monthly meeting" by "making false public statements about Whiting" related to settlement negotiations between Whiting and City council members. (Doc. 44-1, at 22–26.) Though the proposed and existing allegations assert that the City retaliated against Whiting for exercising his First Amendment rights, that is where their similarities end. The proposed allegations target a new defendant, involve different protected actions, and stem from events occurring nearly a year after the Picnic. As such, Magistrate Judge Poplin did not err in concluding that, because "the July 4 incident is [not] substantially related to the March and April 2023 incidents[,]" the "new proposed allegations [do not] arise out of the same[] occurrence, or series of [transactions] or occurrences."[7] (Doc. 63, at 12–13); *see* Fed R. Civ. P. 20(a)(2) (only

---

seen as an attempt to mislead the Court. He relies on the following sentence from the order: "Other than suing Mayor Sherlin in his official capacity, which is a claim against the City, there is little else common in these allegations." (Doc. 63, at 10.) But, in this passage, Magistrate Judge Poplin merely points out that the primary similarity between the existing and proposed allegations is that both First Amendment retaliation claims appear to be against the City. This fact obviously does not mean there are no additional claims against Mayor Sherlin in his individual capacity. Whiting knows as much because Magistrate Poplin plainly notes earlier in her opinion that Whiting "requests to add claims against the City and to add a defendant, Steven Sherlin, . . . , in his official *and individual capacity*." (Doc. 63, at 3 (emphasis added).)

This Court and its jurors (not to mention some of these same defendants) have been burned before by Whiting's sophistry. *See* Doc. 227, at 7 in Case No. 3:20-cv-54 (summarizing litigation before this Court wherein Whiting, represented by the same counsel as in this case, misrepresented his legal interest in property at issue, resulting in a jury trial on the issue before Whiting finally admitted the mistake on the witness stand). Future attempts to deceive the Court will not be tolerated.

[7] Whiting points out that the settlement discussions at issue in the proposed allegations involve the instant lawsuit. (Doc. 69, at 4.) For this reason, Whiting "respectfully" advises the Court that "discovery regarding settlement discussions for the July 4, 2022, incident will likely have facts and law in common with . . . (wait for it) . . . the July 4, 2022, incident." (*Id.* at 5 (parenthetical in original).) Though there may be some overlapping evidence amongst the allegations, this does not render Magistrate Judge Poplin's determination clearly erroneous. *See Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *5 (S.D. Ohio Aug. 3, 2022) (emphasis added) ("[C]laims are *more likely* to arise out of the same 'transaction or occurrence' if "the same issues of fact would determine both claims.") (quoting *Moore v. Mich. Dep't of Corr.*, No. 17-6107, 2018 U.S. App. LEXIS 25325, at *4–5 (6th Cir. Sep. 5, 2018)); *see also Dejesus v.*

permitting joinder of defendant when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action").

In his objection to Magistrate Judge Poplin's ruling, Whiting relies on *Bart v. Telford*, an out-of-circuit case standing for the proposition that an entire campaign of harassment, despite the triviality of its component parts, may be sufficient as a whole to support a First Amendment retaliation claim. 677 F.2d 622, 625 (7th Cir. 1982); *see also Johns v. Kirby*, No. CIV. A. C-2-86-1496, 1990 WL 484832, at *7 (S.D. Ohio Nov. 7, 1990) (regarding a defendant's allegedly retaliatory acts not as "a single act of harassment," but as "a series of acts designed to harass [plaintiffs] over a period of time") (citing *Bart*, 677 F.2d at 625). Despite the non-binding nature of *Bart*, Whiting refers in his objection to "his right to present evidence of 'an entire campaign of harassment'" and thus to join additional claims supporting Defendants' "campaign of harassment" against him. (Doc. 69, at 6, 10 (quoting *Bart*, 677 F.2d at 625).)

But Whiting has no such "right." In fact, the Sixth Circuit affirmed a district court's refusal to consider allegations stemming from separate events that occurred months apart as supporting one retaliation claim. *See Meeks v. Schofield,* 10 F. Supp. 3d 774, 786 (M.D. Tenn. 2014), *aff'd*, 625 F. App'x 697 (6th Cir. 2015) (finding it "inappropriate to consider all the allegations as supporting one retaliation claim" when "the events occurred in some cases many months separately from each other, and in retaliation, allegedly, for different events"). As in that

---

*Humana Ins. Co.*, No. 3:15-cv-862, 2016 WL 3630258, at *3 (W.D. Ky. June 29, 2016) ("Mere factual similarity between claims is not enough to show that claims arise from the same transaction or occurrence.") (citations omitted).

case, Whiting's proposed allegations involve events occurring nearly a year after those at the center of the present action and taken in retaliation for distinct actions. (*Compare* Doc. 44-1, at 23 (alleging that Mayor Sherlin retaliated against Whiting for "speaking with individuals and Council Members at the Athens City Council's regular public monthly meeting"), *with* Doc. 44-1, at 16 (alleging that the City retaliated against Whiting for "recording and reporting events [at the Picnic], and by speaking with individuals at the [Picnic]").) *Bart* does not compel a different result here.

B.  **Future Motion to Amend or Supplement Complaint**

Whiting states in his objection that he "intends to supplement the instant lawsuit with an amended complaint that will not add new claims or parties, but which will add all facts alleged" in the two additional, related actions he has since filed. (Doc. 69, at 6.) To avoid additional delay in this action, the Court **ORDERS** that Whiting move for leave to file a second amended complaint or supplement in this action **on or before July 21, 2023**.

IV.  **CONCLUSION**

For the aforementioned reasons, the Court hereby **OVERRULES** Whiting's objection (Doc. 69) to Magistrate Judge Poplin's order (Doc. 63) denying his motion to file a second amended complaint (Doc. 44). Should Whiting move to file an amended complaint or supplement, he is **ORDERED** to do so **on or before July 21, 2023.**

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**