UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN WHITING, | ) | |
| | ) | Case No. 3:23-cv-2 |
| *Plaintiff*, | ) | |
| | ) | Related Case Nos. |
| v. | ) | 3:23-cv-220 |
| | ) | 3:23-cv-221 |
| CITY OF ATHENS, *et al.*, | ) | |
| | ) | Judge Travis R. McDonough |
| *Defendants*. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |

**ORDER**

Before the Court is Plaintiff Glenn Whiting's motion to recuse the undersigned from presiding over three cases (Doc. 91; Doc. 15 in Case No. 3:23-cv-220; Doc. 12 in Case No. 3:23-cv-221). Whiting argues the undersigned impermissibly "used extra-judicial personal knowledge obtained outside the instant matters to pre-judge [Whiting's] honesty" when pointing out Whiting's misrepresentation of Magistrate Judge Poplin's order and should therefore be barred from deciding the aforementioned actions.[1] (Doc. 91, at 1.) For the reasons that follow, the

---

[1] The judicial conduct Whiting primarily cites as a basis for recusal is contained within a single footnote to this Court's July 21, 2023 order. (Doc. 81, at 8–9 n.6.) In that order, the Court reprimanded Whiting for the conduct of his attorney in the present case and compared it to conduct in a prior case involving the same attorney and same client.

The first misrepresentation occurred in Case No. 3:20-cv-54. Whiting's legal interest in the relevant property was a core issue of the case and survived summary judgment because Whiting averred he was a trustee of a trust that owned the property. (*See* Doc. 149, at 2 in Case No. 3:20-cv-54 (to create a factual dispute on the trustee issue, Whiting filed a declaration that was "prepared . . . by [Whiting's] attorney Van Irion" unequivocally stating that he has "served as a trustee for [the trust that owned the property] since . . . 2015"); Doc. 178, at 20–21 in Case No. 3:20-cv-54.) But the trust documents plainly state Whiting was merely a *potential* successor trustee in the event of the death of an original trustee. (Doc. 86, at 189 in Case No. 3:20-cv-54.) For Whiting to actually assume the role of trustee, and thereby acquire a legal interest in the at-

motion (Doc. 91; Doc. 15 in Case No. 3:23-cv-220; Doc. 12 in Case No. 3:23-cv-221) will be **DENIED**.

For better or for worse, a party speaks through his lawyer. *See Cima v. Tru-Seal Techs., Inc.*, No. CV 09-126, 2010 WL 11526867, at *4 (E.D. Ky. Mar. 22, 2010) ("It is well-settled that the actions of a privately retained attorney are imputed to the client."); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (explaining that a "client[] must be held accountable for the acts and omissions of [his] attorneys" because he "voluntarily chose his attorney as his representative in this action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent") (internal quotation marks and citations omitted).

It is not merely a platitude that "reputation is everything" in the legal profession. According to Justice Stevens, a lawyer's "most precious asset is [his] professional reputation."

---

issue property, the trust's board was required to affirmatively elect him to fill the vacancy rather than just reduce the total number of trustees; Whiting's succession following a trustee's passing, then, was clearly not automatic. (*Id.* ("[S]hould any Trustee be unable to continue his or her duties due to death . . . the Board of Trustees . . . hereby nominates the following named Successor Trustees to that the place of the following named Trustees, *in the event that the Board . . . desires to fill the vacancy so created,* rather than to reduce the number of Trustees on the Board.") (cleaned up) (emphasis added).) By the time Whiting acknowledged on the witness stand that the true facts were inconsistent with the declaration his attorney had prepared and relied upon to avoid summary judgment, significant judicial resources had been wasted. He appears to have continued to cause unnecessary work for the appellate court due to inaccurate representations. (*See* Doc. 251, at 14 n.7 in Case No. 3:20-cv-54 (noting that Whiting, at oral argument, "said that [he] objected to the district court's jury instruction" despite the fact that the appellate court did "not find in the record any [such] objection").)

Second, in this case, Whiting mischaracterized Judge Poplin's order. This occurrence prompted the Court to include the now-challenged footnote in its order overruling Whiting's objections to Judge Poplin's order and is detailed in greater depth therein. (Doc. 81, at 8–9 n.6.)

And now, in his recusal motion, Whiting unfortunately continues his approach by distorting the content of the trust documents in Case No. 3:20-cv-54. (Doc. 91, at 6 ("Specifically, the documents in the trust stated that Whiting would become a trustee upon the death of any of the then-current trustees.").) This is particularly troubling given the foregoing history.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 413 (1990) (Stevens, J., concurring in part and dissenting in part). Circuit-court judges across the country have echoed this sentiment. *See, e.g.*, *Walker v. City of Mesquite, Tex.*, 129 F.3d 831, 831 (5th Cir. 1997) (citing Justice Stevens's partial concurrence in *Cooter & Gell* and noting that the court is "persuaded beyond peradventure that one's professional reputation is a lawyer's most important and valuable asset"); *Fed. Deposit Ins. Corp. v. Tekfen Const. & Installation Co.*, 847 F.2d 440, 443 (7th Cir. 1988) ("A lawyer's reputation for integrity, thoroughness and competence is his or her bread and butter."). However lofty his aspirations to impartiality may be, a judge does not and cannot operate in an informational vacuum in which he has no personal knowledge of the attorneys appearing before him.

While a judge must recuse himself if such personal knowledge encroaches upon his ability to fairly decide the case, the standard for doing so is "difficult . . . to reach." 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *United States v. Liggins*, No. 22-1236, 2023 WL 4946323, at *4 (6th Cir. Aug. 3, 2023) (describing the recusal standard as difficult to reach). To face recusal, a judge's conduct must be so extreme as to "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)) (internal quotation marks omitted) (cleaned up). And "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel . . . ordinarily do not support a bias or impartiality challenge." *Id.* (quoting *Liteky*, 510 U.S. at 555) (internal quotation marks omitted) (cleaned up). Nor do "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . often display." *Id.* (quoting *Liteky*, 510 U.S. at

555–56) (citing *Offutt v. United States*, 348 U.S. 11, 17 (1954)). Additionally, to rise to a level warranting recusal, bias must be personal or extrajudicial, meaning that it "emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319–20 (6th Cir.1990) (quotations omitted).

This Court's admonishment in a prior order's footnote does not in any way signify "a deep-seated . . . antagonism [towards Whiting] that would make fair judgment impossible." *Liggins*, 2023 WL 4946323, at *4 (citations omitted). Rather than, as Whiting claims, "determine[] that plaintiff Whiting cannot be trusted to tell the truth under oath," the Court merely expressed displeasure with Whiting's misleading summary of Magistrate Judge Poplin's order and warned that it would not tolerate future deceptive behavior. (Doc. 91, at 10.) In doing so, the Court was exercising its inherent authority to regulate the conduct of attorneys appearing before it so as to maintain respectability for the legal profession as a whole. *See* Randall T. Shepard, *What Judges Can Do About Legal Professionalism*, 32 WAKE FOREST L. REV. 621, 622 (1997) ("Judges can be and ought to be key figures in maintaining integrity and professionalism in the practice of law."); Judith A. McMorrow, *Rule II and Federalizing Lawyer Ethics*, 1991 BYU L. REV. 959, 964 (1991) ("Both federal and state courts have traditionally asserted an inherent power to regulate the practice of law in their respective tribunals."). The Court's reference to Whiting's actions in a prior case was only meant to provide context for its concern that, given his misstatement of Magistrate Judge Poplin's findings, similar behavior may persist in the instant case absent reprimand. *See Nelson*, 922 F.2d at 319–20 (quotations omitted) (emphasis added) ("Personal bias is prejudice that emanates from some source *other than*

*participation in the proceedings or prior contact with related cases*."). That, of course, would be unacceptable.[2]

Whiting has not been subjected to "deep-seated . . . antagonism" warranting recusal. *See Liggins*, 2023 WL 4946323, at *4 (citations omitted); *see also United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (internal quotations and citations omitted) ("The [recusal] standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held."). He has, instead, received appropriate communication following conduct that did not meet this Court's expectations for those who appear before it as lawyers and litigants.[3] This order is another such communication. Accordingly, Whiting's recusal motion (Doc. 91; Doc. 15 in Case No. 3:23-cv-220; Doc. 12 in Case No. 3:23-cv-221) is **DENIED**. Whiting **SHALL** take notice that the Court will consider further action under Rule 11(c) upon any further assertions that do not comply with Rule 11(b).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court, therefore, discouraged such conduct. And the Court's concern has proven not to be unfounded, given Whiting's latest disregard for the language of the trust documentation. (*See* Doc. 91, at 6.)

[3] Any party at any time may be deserving of such communications. For instance, the City of Athens, Brandon Ainsworth, Rod Walker, Seth Walker, Deb Cardin, and Tom Garland misstated the holding of *Youn v. Track, Inc.*, 324 F.3d 409 (6th Cir. 2003) in their response to Whiting's recusal motion by asserting that the Sixth Circuit requires an affidavit to be filed alongside any § 455 motion. (Doc. 97, at 2.) Though this statement is not correct, it does not appear to be part of a larger pattern of similar behavior.