**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **GLENN WHITING,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF ATHENS, SETH SUMNER, BO PERKINSON, BRANDON AINSWORTH, JAMESON SLIGER, TYLER HICKS, ROD WALKER, SETH WALKER, DEB CARDIN, AND OFFICER TOM GARLAND,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 3:23-CV-00002-TRM-DCP** |

**DEFENDANTS' MOTION FOR SANCTIONS AND/OR ATTORNEY FEES PURSUANT TO RULE 11**

Defendants City of Athens, Brandon Ainsworth, and Deb Cardin (hereinafter "these Defendants") now appear, by and through counsel, and submit their Motion for Sanctions and/or Attorney Fees pursuant to Fed. R. Civ. P. 54(d)(2)(B) and Fed. R. Civ. P. 11. The Court likewise on its own initiative may order an attorney or party to show cause why conduct specifically described in an order was not violative of Rule 11. *See* Fed. R. P. 11(c)(3).

These Defendants appeared and were ultimately granted summary judgment by Order dated June 14, 2024. [Doc. 212]. These Defendant have provided a full evaluation of the facts and law governing this cause in their Motion for Summary Judgement and supporting materials. [Doc.'s 118, 119, 120, 160, 161, 162 and 189]. These Defendant also provided ground and analysis for the sanctionable conduct of Plaintiff in his counsel in their recently filed Motion for Attorney Fees and Omnibus Memorandum in Support. These Defendants rely upon the record as a whole

and the above-referenced specific filings in support of this motion. These Defendants, through this separate motion, seek an award of their attorney fees pursuant to Fed. R. Civ. P. 11. This motion is further supported by the Affidavit of Dan R. Pilkington filed contemporaneously herewith. This Court is well aware of the facts of this case and the procedural history and these Defendants will not recapitulate that again here.

These Defendants recognize that sanctions based upon Rule 11 are only warranted in rare cases and that parties and attorneys can make reasonable mistakes. These Defendants do not make this request lightly and sanctions are only requested by a limited number of those Defendants who requested attorney fees under other statutory schemes. This case, however, represents such a such case where the conduct of Plaintiff and counsel falls so far under the reasonable duties and obligations that a sanction is warranted.

It is undisputed that when Plaintiff made the decision to file the instant suit, alleging very serious civil rights claims against the Defendants, he did not even know whether many of the Defendants were at the event or had any interaction with him. This lawsuit has no basis in fact or law. Plaintiff attached to his Complaint a video depicting the conduct at issue and confirming without a shadow of a doubt that only a limited number of individuals were involved or had any contact with the Plaintiff. Plaintiff and his counsel freely admit that they did not even know the identities of the individuals alleged to have engaged in wrongful conduct despite Plaintiff's own personal knowledge and the video evidence. A cursory review of the video would have put Plaintiff and his attorney on notice that any suit against these individuals was frivolous, meritless and improper. Had Plaintiff and his counsel performed any, much less a reasonable, inquiry or

investigation into the facts or the law, Plaintiff and his counsel would have known that this lawsuit was frivolous, misguided, and legally unfounded.

As this Court is well aware, this is not the first time Plaintiff and his counsel have sued the City of Athens and its agents. Plaintiff Glenn Whiting has filed at least ten separate lawsuits against the City and/or agents of the City. This Court has previously recognized improper conduct and Plaintiff Whiting was ADMONISHED previously in his case against the City for withholding relevant evidence contrary to the Rules of Civil Procedure. *See Glenn Whiting and ARD Properties v. Chris Trew, et al.*, No. 3:20-CV-54-TRM-DCP, Memorandum Opinion 06/30/21, Doc. 112, PageID# 2112, FN 11. Likewise, in addition to lawsuits filed on behalf of Plaintiff Whiting, attorney Irion has previously filed frivolous claims against the City of Athens or its agents on behalf of other plaintiffs. *See, e.g., Straser v. City of Athens, Tennessee*, 951 F.3d 424, 425 (6th Cir. 2020) (summary Judgment upheld by Sixth Circuit where Plaintiff's theory of liability failed as a matter of law); *see also State Ex Rel. Aldolphus Pelley v. Bo Perkinson*, Circuit Court for McMinn County, No. 2022-cv-298 (a copy of the order in that case was attached as Exhibit A to these Defendants' Motion Attorney Fees). Attorney Irion has engaged in similar improper, meritless and vexations filings against other defendants who express different political views in the past. *See Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc*., No. 12-2143-STA, 2012 WL 3683492, (W.D. Tenn. Aug. 24, 2012) (awarding fees and sanctions against attorney Van Renceliere Irion where "counsel for the plaintiff [Irion] reasonably should have known his legal claims . . . on behalf of all Plaintiffs lacked merit and were frivolous.").

Further, Plaintiff and his counsel chose to file suit six months before the statute of limitations ran for all claims pursuant to 42 U.S.C. § 1983. Plaintiff and his counsel had time and

means to attempt to identify the few individuals he actually interacted with Whiting at the park. They chose not to pursue any such investigation and instead filed suit against essentially the entire fire department. Even when it became apparent that Plaintiff had misidentified one or more of the individual Defendants, Plaintiff and his counsel refused to dismiss them.

Finally, even assuming arguendo that Plaintiff could in good faith have pursued claims against a limited number of individuals shown in the video, and he could not, these majority of the defendants named never interacted with or spoke with Whiting at the July 4 event. As set out herein, many of the named Defendants were not even at the event in question. Others were at the park, but had no communication, contact or interaction with Whiting. A few had contact or conversations with Whiting as depicted on the video, but the video itself makes clear that those contacts do not give rise to any cause of action pled, much less a First Amendment violation pursuant to 42 U.S.C. § 1983. It is conscious shocking that Whiting and his attorney would file this suit against all of these individuals without any investigation whatsoever and continued to pursue the suit despite a complete absence of evidence. Each of these Defendants are prevailing

**Standard under Rule 11**

The test for imposing Rule 11 sanctions is whether the conduct of the attorney or party was "reasonable under the circumstances." *Union Planters Bank v. L&J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997). The standard of "reasonable under the circumstances" is "objective," and thus, a demonstration of "good faith" by a plaintiff does not defeat a motion for sanctions. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 959 (6th Cir. 1990) (citing *INYST Fin. Group, Inc. v. Chem. Nuclear Sys.*, 815 F.2d 391, 401 (6th Cir. 1987).

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooler & Cell v. Hartmarx Corp*., 496 U.S. 384 (1990); *EEOC v. SACCO*, 102 F. Supp. 2d 413, 417 (E.D. Mich. 2000) ("objective reasonableness" requires an attorney to: "undergo a reasonable inquiry into both the factual and legal predicates of the complaint, prior to filing.") (citing *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir.1988)).

Sixth Circuit Courts regularly impose Rule 11 sanctions against attorneys who fail to conduct reasonable inquiries prior to filing a Complaint. *Eason v. Eastman & Smith*, 1990 WL 127589 (6th Cir. Sept. 4, 1990) (table decision); *Albert v. Edward J. DeBartolo Corp.*, 1993 WL 272477 (6th Cir. July 20, 1993) (table decision) (holding the district court erred by failing to award Rule 11 sanctions where the plaintiff failed to allege facts supporting a prima facie case).

Further, both attorneys and parties have a continuing obligation to review and re-evaluate their pleadings, motions and other papers upon discovery that such papers are without merit, and to immediately dismiss improperly filed actions. *Herron v. Jupiter Trans. Co.*, 858 F.2d 332, 336 (6th Cir. 1988). "If a pleading…or other paper is signed in violation of [Rule 11], the court…shall impose upon the person who signed it…an appropriate sanction," which can include a "reasonable attorney's fee." *Jackson*, 875 F.2d at 1229. Additionally, "Rule 11 explicitly allows for the imposition of sanctions upon a party responsible for the rule's violation, provided that a represented party is not sanctioned for a violation of subsection (b)(2) involving unwarranted legal contentions." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

Rule 11 itself does not delineate the factors a court should consider when deciding whether to impose sanctions. However, the Rule 11 Advisory Notes include factors a court can consider in analyzing whether an attorney violated Rule 11:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 Advisory Notes; *see also Teno v. Iwanski*, 464 F. Supp. 3d 924, 934–35 (E.D. Tenn. 2020).

Courts within the Sixth Circuit have provided the following "synthesis of the legislative history, commentary and cases [revealing] that Rule 11 requires the following:

> 1. READING THE DOCUMENT. If an attorney signs a document he must have read it.
>
> 2. FACTUAL INQUIRY. An attorney must make an investigation of the facts before filing a claim or defense. An attorney has not made a "reasonable inquiry" concerning the facts, if he has not made any inquiry, or if he has relied only on his client, when time permitted him to make a further investigation. A defendant must not be joined, or claim asserted against a defendant merely in the hope that discovery will turn up something against that defendant. The cost of determining whether a defendant should be named in the action must be borne by the plaintiff and his attorney before the suit is filed. The burden cannot be shifted to a defendant to prove himself out of the case after filing. Thus, naming all of the manufacturers of a certain kind of drug, when a reasonable inquiry would have disclosed that the plaintiff only took the products of a few members of the industry, will result in mandatory sanctions.
>
> Before a defendant is named or a claim (such as a RICO claim) asserted against a defendant, the attorney's file should contain facts admissible in evidence, or at least facts indicating the probable existence of evidence, implicating that defendant or supporting that claim. The shotgun complaint is out. Attorneys must take this principle to heart and start complying with it.

Many attorneys are concerned that in some cases the facts are in the control of the prospective defendants and are unavailable without the muscle provided by discovery. The careful advocate justifiably fears leaving a prospective defendant out and later having the parties who were sued point the finger at an empty chair after the statute of limitations has run.

In such a situation, an attorney would be well advised to make as thorough an investigation as possible, perhaps even writing to the prospective defendants requesting access to their files, or asking for their side of the story. If the door is slammed in his face, he will have documented that he made what investigation he could. The Advisory Committee note states that lack of time before the statute of limitations runs and inaccessibility of required information should be considered in deciding whether Rule 11 has been violated.

3. LEGAL INQUIRY. An attorney must perform reasonably sufficient legal research before filing a claim or defense. An attorney has not made a reasonable inquiry as to whether a claim or defense is warranted by existing law if he or she hasn't done any research. An attorney cannot have a reasonable belief that a claim or defense is warranted by a good faith argument for the "extension, modification or reversal of existing law," unless he or she knows what the existing law is. Counsel's interpretation of the law, formulated after sufficient research, must be non-frivolous, that is, reasonable as evaluated by a competent attorney.
Flights of legal fancy and optimistic speculation in complaints and answers are improper under the amended rule. Not every tort claim is a punitive damages claim or involves the tort of outrage. Not every commercial claim is a RICO claim. Not every § 1983 police brutality claim should include the Governor, the Commissioner of Police, or all of the individual city council members. Some claims are clearly barred by res judicata. Some defendants are clearly immune from suit. Some defenses have no application to the case. A shotgun answer is as improper as a shotgun complaint.

If a recent controlling court decision is fatal to a claim, sanctions will be imposed, whether the attorney actually found that case or not, if a reasonably competent attorney would have found it.

Although Rule 11 does not literally require it, it would be my advice to all attorneys to be sure that the file contains at least a skeleton memo outlining concretely, not just abstractly, the legal basis for every claim or defense. It should apply the law disclosed by reasonably extensive legal research to the facts disclosed by a reasonably adequate factual investigation. The analysis should be that of a reasonably competent attorney admitted to federal practice.

4. OBJECTIVE STANDARD. Whether or not a "reasonable inquiry" into the facts or law has been made is to be determined by the court objectively. An attorney's subjective good faith is irrelevant. As Judge Joiner has pointed out:
"By focusing upon the investigative efforts undertaken by the attorney, rather than seeking to scrutinize the unfathomable processes of his mind, the court is better able to apply the strictures of Rule 11 objectively and fairly."

The ultimate test is: "If judged by an objective standard, a reasonable basis for the position exists in both law and fact at the time that the position is adopted, then sanctions should not be imposed." The standard imposed is that of a competent attorney admitted to the bar of the federal court.

5. IMPROPER PURPOSE. Some courts have held that, if there is a proper factual and legal basis for asserting a claim or defense, the "improper purpose" requirement of Rule 11 is not violated. Other authorities are to the effect that the "improper purpose" provision is a subjective requirement and that even meritorious litigation positions, if taken for purposes of harassment or other improper reason can violate Rule 11. This court holds that the latter is the better view. Indeed, it seems required by the plain meaning of the text of Rule 11. Therefore, whether or not a pleading was interposed for an improper purpose involves a subjective standard of bad faith.

6. CONTINUING OBLIGATION. An attorney must not only conduct a reasonable investigation into the facts and law before filing but must also continually review and reevaluate his position as the case develops. He must abandon claims or defenses as soon as it becomes apparent that it is unreasonable to pursue them.

7. MANDATORY SANCTIONS. If Rule 11 has been violated, sanctions are mandatory, although the nature and amount of the sanctions are within the discretion of the trial court.

In summary, the Rule 11 principles applicable to this case are:
1. An attorney must READ every paper before signing it.
2. He must make a reasonable pre-filing investigation of the FACTS.
3. He must research the LAW, unless he is certain he knows it.
4. The law as applied to the facts must REASONABLY WARRANT the legal positions and steps he takes. If existing law does not warrant these positions, a plausible argument for the extension of the law to the facts of the case is required.
5. It must be demonstrated, as the basis of pre-filing investigation and research, that there is a REASONABLE BASIS to name each defendant named, and to support each claim asserted. The shotgun complaint or answer, filed in the hope that discovery will produce the justification for it, is improper.
6. The adequacy of an attorney's investigation, research and legal analysis will be evaluated by the court under an OBJECTIVE STANDARD, namely, whether the attorney acted as a reasonably competent attorney admitted to federal practice.

> Except as to improper purpose, subjective good faith is not a defense to Rule 11 sanctions. A pure heart but an empty head is of no avail.
> 7. The attorney must CONTINUALLY RE–EVALUATE his positions and abandon them if they are no longer reasonably warranted.
> 8. An attorney must not have an IMPROPER PURPOSE, such as harassment or intimidation, in naming any defendant, asserting any legal position or taking any legal step.
> 9. If an attorney violates Rule 11 the imposition of some sanction is MANDATORY, although the nature and extent of the sanction is discretionary with the district court."

*Whittington v. Ohio River Co*., 115 F.R.D. 201, 206–09 (E.D. Ky. 1987).

Several opinions from within this Circuit are illustrative. In *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.,* plaintiff's counsel, Van R. Irion, filed a complaint alleging that former President Barrack Obama could not be the Democratic party's nomination for President because he was not a "natural-born citizen" of the United States and, thus, Defendants were liable for fraud/intentional misrepresentation. *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.,* No. 12-2143-STA, 2012 WL 3683492, at *1 (W.D. Tenn. Aug. 24, 2012). Much like the present case, the defendant(s) filed a motion to dismiss, which the court granted because plaintiff had not alleged "sufficient facts in support of their standing to assert these claims." *Id*. Defendants also filed a Rule 11 motion alleging that plaintiff brought a frivolous lawsuit "without any legal or factual support for their claims". *Id*. The District Court ultimately was not authorized to award a sanction under Rule 11 because the Defendants failed to follow Rule 11's prerequisites for filing a motion for sanctions. However, the Court still found attorney Irion's conduct sanctionable and awarded pursuant to 28 U.S.C. § 1927 finding that Irion ". . . knew or reasonably should have known that Plaintiffs lacked standing to pursue their claims. . .". *Id.*, at *4. The Court went on to hold that "Plaintiffs' claims were frivolous and without any arguable basis in law" and that "[a]s such, counsel for Plaintiff [attorney Irion] has multiplied the proceedings in this case unreasonable

and vexatiously and should therefore be required to satisfy personally the attorneys' fees reasonably incurred by Defendants because of such conduct." *Id*., at 5.

In *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609 (6th Cir. 2010), the Sixth Circuit upheld the award of Rule 11 sanctions where an attorney solely relied upon a list of parties provided to him and filed a complaint based upon the list without adequate investigation. The Court noted that the plaintiff's counsel's argument that a "clerical error" had been made and subsequent agreement by counsel to amend the parties was insufficient to avoid sanctions, explaining ". . . had Plaintiffs' counsel adequately research the factual basis for the claims rather than copying the Litigation Steering Committee list, no 'clerical error' would have been made." *See also Kuzmins v. Employee Transfer Corp*., 587 F. Supp. 536, 538 (N.D. Ohio 1984) (finding that a clerical error that would have been discovered through minimal inquiry into the law before signing the complaint was a proper ground for Rule 11 sanctions). As in the present case, "Plaintiffs' counsel's failure to adequately research the factual basis for the claims asserted in the complaint at the time of filing . . ." warrants "the grant of Rule 11 sanctions." *Merritt*, 613 F.3d at 629.

Courts from other jurisdictions have likewise awarded sanctions under Rule 11 in similar factual circumstances. In *Catcove Corp. v. Patrick Heaney*, the District Court for the Eastern District of New York found that Rule 11 sanctions were warranted where a plaintiff made allegations against numerous defendants without pleading any facts against "all but a few" of the defendants. 685 F. Supp. 2d 328, 338 (E.D.N.Y. 2010). The court performed a defendant-by-defendant analysis to determine what, if any, facts have been alleged against each defendant:

> Plaintiffs do not make a *single* factual allegation against Ms. Grabosky. With respect to Mr. Collins, Plaintiffs allege only that he met with them once. (Amend.

> Compl. ¶ 61). The sole factual allegation 'against' Ms. D'Angelo contends that she performed the ministerial task of 'advis[ing] Murphree and Catcove that the Department of Land Management forwarded the site plan to the Town Environmental Division.' (*Id.* ¶ 101). Similarly, the sole factual allegation 'against' Mr. Ludlow concerns him 'informing Heaney that the Town had neglected to submit an application to the Conservation Board.' (*Id.*¶ 102). And, far from showing any wrongdoing or 'conspiracy,' the only factual allegations about Ms. Kabot concern her *opposition* to Mr. Heaney's supposed abuses of power. (*Id.* ¶¶ 34, 38). Yet, despite pleading nothing against any of these Defendants, Plaintiffs still named them individually. In addition, without even an iota of factual support, Plaintiffs also explicitly allege that Ms. Kabot, Ms. Grabosky, and Mr. Collins used their power 'to discriminate against plaintiff on the basis of gender.' (*Id.* ¶¶ 205, 212, 232).

*Id*. The court ultimately held: "[c]onsequently, even after resolving all doubts in Plaintiffs' favor, the claims asserted against Ms. Kabot, Ms. Grabosky, Mr. Collins, Ms. D' Angelo and Mr. Ludlow are 'utterly lacking in support.' And, as a result, Plaintiffs' Complaint violates Rule 11." Id. (internal citations omitted); see also Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc., 665 F. Supp. 2d. 239, 264 (S.D.N.Y. 2009) (complaint violated Rule 11 because it alleged "no facts" against certain defendants and instead "swept these defendants up in alleged conduct vaguely attributed to the 'defendants' or 'defendants, or some of them.'").

The Court should determine an appropriate sanction. See Fed. R. Civ. P. 11(c). A sanction imposed under his rule "must be limited to what suffices to deter repetition of the conduct or comparable conduct by other similarly situated." Fed. R. Civ. P. 11(c)(4). The Court has authority to impose a sanction directing either payment into Court or to the movants for reasonable attorney fees and costs. *Id*. The Court should consider that sanctions against a represented party are limited in certain situations. *See* Fed. R. Civ. P. 11(c)(5). Any Order granting this sanction must "describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

**Precise Conduct at Issue**

A motion for sanctions pursuant to Rule 11 should define precisely the conduct that violates the party or attorney's obligations. This motion deals primarily with the conduct of Plaintiff Glenn Whiting and his attorney Van Irion in filing the Complaint [Doc. 1] and Amended Complaint [Doc. 31]. The Complaint and Amended Complaint were both signed by attorney Van R. Irion. Upon information and belief, Plaintiff Glenn Whiting reviewed and approved the filing of both Complaints that were filed on his behalf.

Plaintiff and his counsel violated Rule 11 by failing to perform a reasonable inquiry into the facts and law prior to filing suit, naming thirty-three (33) separate Defendants without any foundation or basis. Plaintiff and his counsel have admitted either in open Court or sworn deposition that they had no evidence to support their claims against these Defendants when suit was filed.

In addition, the initial Complaint included thirty-three separate defendants but only cited facts to support potential claims against eleven, leaving twenty-two Defendants without any facts alleged against them. Regarding the duties and obligations of representations made to the Court, Fed. R. Civ. P. 11(b)-(b)(3), requires that for every pleading and motion, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable to the circumstances*: . . . the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…"

**(a) Plaintiff Glenn Whiting**

Plaintiff's conduct violated Rule 11(b)(1) and (3). Plaintiff Whiting filed a frivolous Complaint before this Court naming the City of Athens, Tennessee and thirty-two individual defendants. The Complaint fails to state a claim against any of the thirty-three defendants and does not even allege any facts whatsoever with respect to the majority of the individual defendants. Plaintiff Whiting knew at the time of the filing of his Complaint that it was frivolous. First, Plaintiff freely admits that he is unable to identify the alleged wrongdoers on the video filed with the Court. Second, Plaintiff's allegations against Defendants Perkinson, Sumner[1] and Ainsworth are based, not on fact, but purely on rank speculation without any evidentiary support. Third, Plaintiff failed to undertake a reasonable investigation prior to filing suit and admitted that at the time of filing, he did not even know whether the majority of the defendants were even at the July 4 event or had any contacts with him.

**(b) Van Rencelliere Irion**

Plaintiff's attorney should likewise be sanctioned for his role in the matter before the Court. Plaintiff's counsel's conduct violated Rule 11(b)(1)-(3). Attorney Irion has demonstrated a pattern of filing frivolous lawsuits against the government and government actors. In the present case, Attorney Irion asserts multiple allegations purportedly in support of causes of action based on nothing but rank speculation of himself or his client. Attorney Irion knew or reasonably should have known that the claims in this case had no basis in law. In addition to Rule 11, the Tennessee Rules of Professional Conduct governing lawyers provide that lawyers must "act reasonably to inform themselves about the facts of their client's case and the law applicable to the case and then

[1] This motion is not brought on behalf of Defendants Sumner or Perkinson, but analysis of the claims against there are relevant to the claims against the City and the suit as a whole.

act reasonably in determining that they can make good faith arguments in support of their client's position." Tenn. Sup. Ct. Rules, Rule 8, RPC 3.1.

Even if Whiting lied to attorney Irion about the number of individuals and the identities of each individual that he came into contact with at the July 4 celebration, attorney Irion knew or should have known that all of the thirty-two named individual defendants were not involved when he viewed the video he filed with the Court as an attachment to the Complaint. Irion has subsequently admitted that neither he nor his client could even identify the alleged wrongdoers depicted on the video when the Complaint was filed. Instead, as an attorney and officer of this Court, he filed suit against essentially the entire fire department of the City of Athens because one or more of the individuals on the video was wearing an Athens Fire Department shirt. It is ludicrous that any attorney could determine or advise his client that such a course of action was proper.

**Claims as to each Defendant**

The Court may wish to view the applicability of Rule 11 to each of the Defendants. A brief summary as to each Defendant is included below. These Defendants note that the precise conduct at issue serving as the basis for their request pursuant to Rule 11 is the filing of the Complaint and Amended Complaint.

**(a) Brandon Ainsworth**

Brandon Ainsworth is the Chief of the Athens Fire Department. Defendant Ainsworth had no interaction with Plaintiff at the July 4 event. [*See* Doc. 162, PageID# 1757]. That fact was known to Plaintiff prior to filing suit and is further evidenced by the video Plaintiff created on July 4, 2022 and filed with Plaintiff's initial Complaint in January of 2023. Plaintiff readily admitted that fact, but he persisted in the prosecution of this suit against Ainsworth based purely on his own

opinions and speculation. Not one of the individuals deposed implicated Ainsworth of any wrongdoing.

This Defendant seeks the following reasonable attorney fees: **$23,209.97**

**(b) Deb Cardin**

Of all the Defendants, Plaintiff's continued prosecution of the claims against Deb Cardin is particularly meritless, frivolous and egregious. Plaintiff alleged "Deb Cardin yelled 'don't fucking video tape kids in the goddamed park. Don't let me catch you doing it again . . . Get the fuck out of here!'" [Doc. 1, ¶ 39]. In addition to admitted in filings that did not know and could not identify Deb Cardin when he filed suit, Plaintiff admitted under oath in his deposition that the factual allegations against Defendant Deb Cardin pled in the operative First Amended Complaint were based upon a misidentification. Plaintiff admitted that the portions of the Complaint related to Ms. Cardin and the factual allegations brought against her were false. [Doc. 120, Joint Appendix One, PageID ## 1109-1110]. Despite this disturbing confession, Plaintiff and his counsel refused to dismiss Cardin. Defendant Cardin ultimately filed two separate motions for summary judgment.

This Defendant seeks the following reasonable attorney fees: **$21,377.97**

**(c) Defendant City of Athens, Tennessee's request for attorney fees.**

This Defendant was named in the original Complaint and served with process. [Doc. 1]. This Defendant appeared and was ultimately granted summary judgment by Order dated June 14, 2024. [Doc. 212]. This Defendant seeks fees against both Plaintiff Glenn Whiting and Attorney Van Irion as set out herein. This Defendant seeks fees based upon 42 U.S.C. § 1988, and 28 U.S.C. § 1927.

A municipal government may be liable under 42 U.S.C. § 1983 only if a plaintiff can demonstrate that this or her civil rights were violated "as a direct result of a municipality's policy or custom." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 900 (6th Cir. 2005). In order to prevail against the City, Plaintiff had to produce evidence of an underlying violation and evidence that that the City was the moving force behind that violation.

As set out herein and in these Defendants' Memorandum, Plaintiff and his counsel unabashedly admitted they had no evidence to support their claims when suit was filed and at the scheduling conference, relying only on baseless theory of "res ipsa loquitor." Despite that lack of evidence, they doggedly pursued this suit against the City, and continue to do so to this day. Throughout the entire course of the litigation, Plaintiff engaged in a pattern and practice of repeatedly disregarding and violating the Rules of Civil Procedure. Plaintiff filed multiple frivolous and baseless motions designed to harass the Defendants, drive up litigation costs, and punish them for the conduct alleged in the Complaint and only existing in the fertile imagination of the Plaintiff. Plaintiff's failure to engaged in any reasonable pre-suit investigation, course of conduct through the entirety of this litigation, failure to produce any evidence in response each Defendants' motions for summary judgment, and refusal to dismiss suit when it became apparent his claims were frivolous warrant an award of fees.

This Defendant seeks the following reasonable attorney fees: **$ 21,286.37**

**Procedural Requirements of Rule 11**

These Defendants have complied with the procedural requirements of Rule 11. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014); *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 12-2143-STA, 2012 WL 3683492, at *3 (W.D. Tenn. Aug.

24, 2012); *Rowe v. Reg*., No. 1:07-CV-20, 2008 WL 2009186, at *7 (E.D. Tenn. May 8, 2008). Counsel for the undersigned defendants contacted attorney Irion by letters requesting he withdraw his client's Complaint and warning him of an impending Motion for Rule 11 Sanctions should he fail to do so. The first letter was sent via email and US Mail to the attention of Van Irion on January 24, 2023 is attached as **Exhibit 1**. The second letter, which was accompanied by a draft Motion for Sanctions Pursuant to Rule 11, was sent to the attention of Van Irion via email, US Mail and US Mail return receipt, on March 3, 2023 and is attached as **Exhibit 2**. The draft Motion for Sanctions Pursuant to Rule 11 is attached as **Exhibit 3.** These letters were served complaint with Rule 5. Plaintiff and his attorney refused to withdraw or dismiss the Complaint against these Defendants and others resulting in extensive costs and fees.

## CONCLUSION

In the practice of law, there is certainly room for zealous advocacy. However, parties and attorneys are still bound to conduct themselves in good faith. The actions of Plaintiff and his counsel in the present case stray far afield from simple zealous advocacy. Plaintiff's claims against these Defendants were utterly false and without merit. Any pre-suit cursory investigation would have made clear that these Defendants were not proper parties. Plaintiff's attorney, who has previously been sanctioned for similar conduct, failed to undertake any reasonable investigation before filing the Complaint and was fully complicit with the Plaintiff's actions. These Defendants should be fully reimbursed for their attorney's fees incurred in having to respond and litigate this frivolous and vexatious suit which is unfounded both in fact and law. The amount of fees sought is reasonable.

In the alternative, the Court should award as a sanction under Rule 11 an amount to be paid into Court necessary to punish Whiting and/or Irion for their conduct and to deter similar conduct in the future.

RESPECTFULLY submitted this 12th day of July, 2024.

CITY OF ATHENS, BRANDON AINSWORTH,
AND DEB CARDIN

By: /s/Dan R. Pilkington

DAN R. PILKINGTON, BPR No. 024660
BRIAN R. BIBB, BPR NO. 031024
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
1500 Riverview Tower
900 South Gay Street, P.O. Box 131
Knoxville, Tennessee 37901-0131
865-637-1700
dpilkington@watsonroach.com
bbibb@watsonroach.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Keith H. Grant
Laura Beth Rufolo
ROBINSON, SMITH & WELLS PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
423-756-5051
kgrant@rswlaw.com
lrufolo@rswlaw.com

D. Mitchell Bryant
313 West Madison Ave.
Athens, Tennessee 37303
423-744-8730
info@dmitchellbryant.com

*Pro Se* Plaintiff
Glenn Whiting
P.O. Box 25
Athens, Tennessee 37371
Glennwhiting0@gmail.com

Attorney Van Irion
800 S Gay St Ste 700
Knoxville, TN 37929-9703
van@irionlaw.com

Dated this 12th day of July, 2024.

/s/Dan R. Pilkington
DAN R. PILKINGTON, BPR No. 024660