**IN THE UNITED STATED DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

---

**GLENN WHITING,**

**Plaintiff,**

**v.**

**No. 3:23-CV-00002-TRM-DCP**

**CITY OF ATHENS, SETH SUMNER, BO PERKINSON, JAMESON SLIGER, TY GABLE, ROD WALKER, SETH WALKER, TONIA RATLEDGE DAKE, CHAD RAMSEY, DEB CARDIN, CODY WILLIAMS, DAVE ALBERTSON, TYLER HICKS, ENOCH DIXON, ROBERT EVANS, JASON FLING, JOSHUA FULBRIGHT, GREGORY GABLE, JACKSON ENGRAM, QUINTON KEY, CLARK KIRKSLEY, CHRISTOPHER LILLARD, DUSTIN MARTIN, DEXTER MILLER, CASEY MOSES, ROBERT MOSES, RONALD NIPPER, JOSHUA ROACH, JOHNATHAN PARROT, TIMOTHY SCHULTZ, CHRISTOPHER SMITH AND OFFICER JIM GARLAND BADGE #12**

**Defendants.**

DRAFT

---

**MOTION FOR SANCTIONS**

---

Pursuant to Fed. R. Civ. P. Rule 11, the Defendants City of Athens, Tennessee, Brandon Ainsworth, and Tim Schultz [*it is anticipated that additional Defendants served prior to the filing of this motion will be added and join in the filing of this motion*] file this Motion for Sanctions requesting this Court impose sanctions against Plaintiff Glenn Whiting and Plaintiff's counsel because Plaintiff's claims are: (1) offered for an improper purpose; (2) not warranted under existing facts and law and are frivolous; and (3) are aimed at unreasonably and vexatiously

EXHIBIT 3

imposing undue costs of the Defendants. Further, Plaintiff and Plaintiff's counsel failed to perform any, much less a reasonable, inquiry into the facts and law prior to filing suit.

## I. INTRODUCTION

This lawsuit has no basis in fact or law. Plaintiff has sued the City of Athens and thirty-two individual defendants while failing to allege sufficient facts to state a claim under any theory of relief. These defendants have already filed, or anticipate in the future filing, motions to dismiss once they are served. Plaintiff attached to his Complaint a video depicting the conduct at issue and confirming without a shadow of a doubt that only a limited number of individuals were involved or had any contact with the Plaintiff. Plaintiff and his counsel freely admit that they do not even know the identities of the individuals alleged to have engaged in wrongful conduct Despite his own personal knowledge and the video evidence, Plaintiff nevertheless filed this suit against thirty-three separate defendants.

Had Plaintiff and his counsel performed any, much less a reasonable, inquiry or investigation into the facts or the law, Plaintiff and his counsel would have known that this lawsuit was frivolous, misguided, and legally unfounded. Yet Plaintiff and his counsel did not perform any inquiry or investigation most likely because Plaintiff and his counsel offer this suit not for its merits but simply to harass and annoy the defendants. This motion is submitted in compliance with Rule 11, Federal Rules of Civil Procedure. Plaintiff's counsel was served with a letter pursuant to Rule 11 on Tuesday, January 24, 2023 advising of the potential for Rule 11 Sanctions and demanding that the suit be dismissed. Again, on March 3, 2023, Plaintiff's counsel was served with a second letter and draft of this Motion setting out all grounds for sanction. The procedural requirements of Rule 11 have been met. The actions of Plaintiff and his counsel in filing this suit are eminently sanctionable.

As this Court is well aware, this is not the first time Plaintiff and his counsel have sued the City of Athens and its agents. Plaintiff Glenn Whiting has filed at least six separate lawsuits against the City or agents of the City[1]. This Court has previously recognized improper conduct and Plaintiff Whiting was ADMONISHED in his prior case against the City before this Court for withholding relevant evidence contrary to the Rules of Civil Procedure. *See Glenn Whiting and ARD Properties v. Chris Trew, et al.*, No. 3:20-CV-54-TRM-DCP, Memorandum Opinion 06/30/21, Doc. 112, PageID# 2112, FN 11. That case is on appeal following a unanimous jury decision in favor of the Defendant City of Athens. That appeal, however, has been substantially delayed by Plaintiffs repeated motions seeking modification of the page limitations and additional time to file their brief(s).

Likewise, in addition to lawsuits filed on behalf of Plaintiff Whiting, attorney Irion has previously filed frivolous claims against the City of Athens or its agents on behalf of other plaintiffs. *See, e.g., Straser v. City of Athens, Tennessee*, 951 F.3d 424, 425 (6th Cir. 2020) (summary Judgment upheld where Plaintiff's theory of liability failed as a matter of law); *State Ex Rel. Aldolphus Pelley v. Bo Perkinson*, Circuit Court for McMinn County, No. 2022-cv-298 (at the time of the drafting of this pleading, the case was pending ruling on motion for attorney fees and sanctions against attorney Irion and plaintiffs following plaintiffs' notice of nonsuit). Other Court have further found that statements and allegations made by Plaintiff Whiting in his motions were false. See **Exhibit 3**, *Glenn Whiting v. City of Athens, Tennessee*, McMinn County Chancery

---

[1] Glenn Whiting and ARD Properties v. City of Athens, Chris Trew, in his individual capacity and in his official capacity as City Attorney for the City of Athens and Seth Sumner in his individual capacity and in his official capacity as City Manager for the City of Athens; U.S. District Court No. 3:20-cv-0054;

- Glenn Whiting v. Seth Sumner, Bo Perkinson and Lynn Perkinson; McMinn County Circuit Court Case No. 2021-cv-297;
- Glenn Whiting v. City of Athens, et al., McMinn County Chancery Court No. 2021-cv-300;
- Glenn Whiting v. City of Athens, et. al., McMinn County Chancery Court No. 2022-cv-229; and
- Glenn Whiting v. City of Athens, et. al., McMinn County Chancery Court No. 2022-cv-252.

Court No. 2021-CV-300, Order dated November 17, 2021 (finding Plaintiff's "statements made in the motion are not accurate" and noting "Mr. Whiting has filed similar motion in this case, which contains statements that are incorrect and do not accurately reflect actions referenced therein.").

Finally, attorney Irion has engaged in similar improper, meritless and vexations filings against other defendants who express different political views in the past. *See Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 12-2143-STA, 2012 WL 3683492, (W.D. Tenn. Aug. 24, 2012) (awarding fees and sanctions against attorney Van Renceliere Irion where "counsel for the plaintiff [Irion] reasonably should have known his legal claims . . . on behalf of all Plaintiffs lacked merit and were frivolous.").

Although the Complaint against all Defendants is meritless, Plaintiff's decision to name thirty-three (33) separate defendants, many of whom were not even at the event in question, is particularly egregious. Had Plaintiff or his counsel performed a reasonable investigation, they certainly would have been able to narrow down the list of Defendants to those that had even minimal contacts with the Plaintiff. Even more conscious shocking, Plaintiff has video evidence of his contacts with individuals at the event in question, which would have made his investigation straightforward and not cumbersome. Plaintiff freely admits that he is unable to identify the individuals shown on the video. Despite not being able to identify the alleged wrongdoers, Plaintiff chose to take the shotgun approach of suing essentially every member of the City of Athens Fire Department. That bell cannot be un-rung. Regardless of whether all or most of the individual defendants are dismissed, their names will live on forever as a defendant in a Federal lawsuit alleging civil rights violations.

The sole purpose of Plaintiff's Complaint is to harass the City of Athens and its agents and employees. This Court should put an end to these frivolous and meritless attacks on the City

of Athens and its agents and employees by sanctioning the conduct of the Plaintiff and his counsel under Rule 11.

**A. Plaintiff Glenn Whiting**

Plaintiff Whiting filed a frivolous Complaint before this Court naming the City of Athens, Tennessee and thirty-two individual defendants. The Complaint fails to state a claim against any of the thirty-three defendants and does not even allege any facts whatsoever with respect to the majority of the individual defendants. Plaintiff Whiting knew at the time of the filing of his Complaint that it was frivolous. First, Plaintiff, through his counsel, freely admits that he is unable to identify the alleged wrongdoers on the video filed with the Court. Second, Plaintiff's allegations against defendants Perkinson, Sumner and Ainsworth are based, not on fact, but purely on rank speculation without any evidentiary support. With respect to these three defendants and any claims of defamation, Plaintiff's Complaint does not meet the heightened pleading standard required for pleading defamation claims under Tennessee law. Third, Plaintiff failed to undertake a reasonable investigation prior to filing suit and generally admits that he does not even know whether the majority of the defendants were even at the July 4 event or had any contacts with him.

**B. Van Rencelliere Irion**

Plaintiff's attorney should likewise be sanctioned for his role in the matter before the Court. Attorney Irion has demonstrated a pattern of filing frivolous lawsuits against the government and government actors. In the present case, Attorney Irion asserts multiple allegations purportedly in support of causes of action based on nothing but rank speculation of himself or his client. Attorney Irion knew or reasonably should have known that the claims in this case had no basis in law. In addition to Rule 11, the Tennessee Rules of Professional

Conduct governing lawyers provide that lawyers must "act reasonably to inform themselves about the facts of their client's case and the law applicable to the case and then act reasonably in determining that they can make good faith arguments in support of their client's position." Tenn. Sup. Ct. Rules, Rule 8, RPC 3.1.

Even if Whiting lied to attorney Irion about the number of individuals and the identities of each individual that he came into contact with at the July 4 celebration, attorney Irion knew or should have known that all of the thirty-two named individual defendants were not involved when he viewed the video he filed with the Court as an attachment to the Complaint. Irion has subsequently admitted that neither he nor his client can even identify the alleged wrongdoers depicted on the video. Instead, he as an attorney and officer of this Court, filed suit against essentially the entire fire department of the City of Athens because one or more of the individuals on the video was wearing an Athens Fire Department shirt. It is ludicrous that any attorney could determine or advise his client that such a course of action was proper.

Counsel for the undersigned defendants contacted attorney Irion by letters requesting he withdraw his client's Complaint and warning him of an impending Motion for Rule 11 Sanctions should he fail to do so. The first letter, sent on January 24 is attached as **Exhibit 1**. The second letter, which was accompanied by a draft of this Motion, was sent on March 3, 2023 and is attached as **Exhibit 2**. As of the preparation of this motion, Plaintiff and Attorney Irion have refused to dismiss the Complaint or any individual Defendants named therein.

## II. FACTUAL BACKGROUND[2]

Plaintiff Glenn Whiting is a well-known figure in McMinn County, Tennessee. Plaintiff filed his Complaint on January 3, 2023 arising out of various interactions he had with individuals

[2] The Factual Background comes primarily, but not exclusively, from the facts alleged in Plaintiff's Complaint [Doc. 1] and the video submitted with the Complaint [Doc. 1-5].

at an Independence Day celebration and fireworks show on July 4, 2022 at the Athens Regional Park. At the time of the incident, the Park was closed to the public as a safety measure based upon the drop zone of the fireworks show, but a limited number of individuals were granted tickets to view the show from safe areas within the park. Whiting represents that he obtained a ticket to enter the park from a member of the Athens City Council. Whiting walked around the event filming those in attendance, which included both adults and minor children. Other attendees of the event were reasonably upset that Whiting was not only filming children, but posting the videos and/or images of their children on Facebook or other social media. The individuals and their children had a reasonable expectation of privacy during their attendance at the event.

Whiting was asked by multiple individuals within the park not to film the children that were present. [See Doc. 1-5, Video]. As depicted on the video, Whiting was unmoved by the parents' concerns for their children. He not only refused to stop, but repeatedly antagonized those in attendance who objected to him videoing children asserting that that he was "live-streaming" his video, leaving the parents to understand that the images of their children would be posted on the internet to be viewed or saved by any number of individuals for any purpose. [Doc. 1-5, Video, 4:53, 6:24]. It is apparent from the video that Whiting intended to disrupt the event and to harass the parents and families in attendance for the fireworks show.

Because of the disturbance he was causing, law enforcement spoke with Whiting. He was politely advised that he was allowed to film but asked not to cause a disturbance. [Doc. 1-5, Video 9:40-13:30]. Ultimately, although individuals were clearly upset, Whiting was allowed to continue to film both children and adults within the park. He was allowed to provide his own narrative or commentary. He was allowed to livestream the video to the internet for the viewing

pleasure of an unknown number of individuals. The video demonstrates that his rights secured by the First Amendment were not impeded.

Whiting has now sued thirty-three defendants alleging that the parents' objection to his videotaping of children constituted harassment. Whiting fully admits that the video he was livestreaming to the internet included images of children as he made his way through the park. By the filing of his lawsuit and the allegations therein, Whiting and his attorney delusionally suggest that parents would not be upset he was filming their children and posting the videos online absent some prior defamatory statements by defendants Sumner, Perkinson and/or Ainsworth. The fact that parents were upset and expressed outraged is the only fact included in the Complaint upon which Whiting bases his claims against defendants Sumner, Perkinson and Ainsworth. It appears that Whiting and his attorney discounted the possibility, and further did no investigation to determine whether, parents would not want him posting videos of their children online on their own accord. This suggestion, and the entire basis for Whiting's lawsuit, is frankly ludicrous.

Finally, even if Plaintiff could in good faith pursue claims against a limited number of individuals shown in the video, and he could not, the majority of the defendants named never interacted with or spoke with Whiting at the July 4 event. As set out herein, many of the named defendants were not even at the event in question. Others were at the park, but had no communication, contact or interaction with Whiting. A few had contact or conversations with Whiting as depicted on the video, but the video itself makes clear that those contacts do not give rise to any cause of action pled. It is conscious shocking that Whiting and his attorney would file this suit against all of these individuals without any investigation whatsoever.

### A. Defendants

Plaintiff has named thirty-three (33) defendants. The defendants can generally be broken down into several groups. The City of Athens is a local municipality and government entity. Defendants Fire Chief Brandon Ainsworth, former City Manager Seth Sumner and former Mayor Bo Perkinson are current and former employees and agents of the City of Athens alleged only to have made unidentified defamatory comments about Whiting and/or to have encouraged the other named defendants to harass Whiting at the July 4th event. [Doc. 1, Complaint, PageID# 4, para. 25]. Another small group of defendants consists of individuals who were at the park for the July 4th event and had some form of verbal contact with Whiting. The next group of defendants consists of individuals who were at the park for the July 4th event but had no contact with Whiting. The final group of defendants consists of a number of individuals who had no contact with Whiting at were not even at the park for the July 4th event.

#### (i). The City of Athens[3]

Plaintiff's Complaint does not allege facts to support any cause of action against the City. The only cause of action that could result in liability to the City under any set of facts is a Section 1983 claim based upon violation of the First Amendment. [see Doc. 1, Complaint, PageID# 9-11, para. 51-58]. Even if all facts alleged in the Complaint were true, and they are not, the alleged acts of the individual defendants could not result in liability to the City pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

#### (ii). Fire Chief Ainsworth, City Manager Sumner and Mayor Perkinson[4]

---

[3] The City has filed a Motion to Dismiss. [Docs. 14-15].

[4] This Motion is brought on behalf of defendant Ainsworth, but not on behalf of defendants Sumner or Perkinson whom are represented by separate counsel. Defendant Ainsworth has filed a Motion to Dismiss. [Docs. 16-17].

Plaintiff's Complaint fails to allege facts sufficient to support any claim against defendants Ainsworth, Sumner and Perkinson. The only facts alleged against these three (3) individuals, i.e., that they made a defamatory statement that Whiting intended to video record children at the park for "prurient purposes" is not based upon or supported by any fact whatsoever. It is based upon rank speculation alone. [Doc. 1, Complaint, PageID# 4, para. 25]. Likewise, the allegation that parents of the children that Whiting was videoing and disseminating to unknown individuals on the internet would have had no reason to be upset with Whiting absent some defamatory statement by or direction by Ainsworth, Sumner or Perkinson is absurd. Finally, there is no allegation that any of these defendants were even at the park or themselves harassed or even interacted with Whiting.

**(iii). Defendants at the park that interacted with Whiting**

The next group consists of individual defendants who were at the park for the July 4th event and had some interaction with Whiting. This group includes five (5) defendants, Rod Walker, Seth Walker, Ty Gable, Chad Ramsey, and Tom Garland. The actions of these defendants are depicted on the video filed with the Court. Based upon the facts as depicted by the video, no cause of action exists against any of these individuals. A cursory review of the video would have put Plaintiff and his attorney on notice that any suit against these individuals was frivolous, improper and in violation of Rule 11.

**(iv). Defendants at the park that did not interact with Whiting**

The next group of defendants consists of those individuals who were somewhere within the bounds of the park but had no contact or interaction with Whiting. This group includes eight (8) defendants, Dave Albertson, Enoch Dixon, Deb Cardin, Jonathan Parrott[5], Joshua Roach,

---

[5] Misidentified as "Jonathan Parrot" in the Complaint.

Tim Schultz[6], Quintin Key[7], and Casey Moses. Because these defendants had no contact or interaction with Mr. Whiting, no viable grounds exist to name them in this suit. A cursory review of the video would have put Plaintiff and his attorney on notice that any suit against these individuals was frivolous, improper and in violation of Rule 11.

**(v). Defendants who were not at the park and did not interact with Whiting**

The next and largest group includes those defendants that had no interaction with Whiting and were not even at the park during the event at issue. This group includes eleven (11) defendants Jackson Ingram[8], Christopher Austin Smith, Jason Fling, Clara Kirksey, Dexter Miller, Dustin Martin, Joshua Fulbright, Christopher Mark Lillard, Ronald Nipper, Robert Moses, and Robert Evans. A cursory review of the video would have put Plaintiff and his attorney on notice that any suit against these individuals was frivolous, improper and in violation of Rule 11.

## III. LEGAL STANDARD

Fed. R. Civ. P. 11(b) Sanctions must be imposed in the Court finds the Rule was violated. *Kerans v. Porter Paints Company, Inc.*, 1989 WL 5770 (6th Cir. Jan. 24, 1989) (table decision) (affirming sanctions where the plaintiff filed meritless civil rights claim). "The Federal Rules of Civil Procedure plainly say that a lawyer's signature on the complaint certifies that to the best of the person's knowledge and belief, formed after an inquiry reasonable under the circumstances, the complaint is not being presented for any improper purpose, Fed. R. Civ. P. 11(b)(1), and that the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, Fed.

---

[6] Misidentified as "Timothy Schults" in the Complaint. Defendant Schultz has filed a Motion to Dismiss. [Doc.18 – 19].
[7] Misidentified as "Quinton Key" in the Complaint.
[8] Misidentified as "Jackson Engram" in the Complaint.

R. Civ. P. 11(b)(2)." *Hollister v. Soetero*, 258 F.R.D.1, 2 (D.D.C. 2009); *see also Jackson v. Law Firm of O'Hara*, 875 F.2d 1224, 1228-29 (6th Cir. 1989).

The test for imposing Rule 11 sanctions is whether the conduct of the attorney or party was "reasonable under the circumstances." *Union Planters Bank v. L&J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997). The standard of "reasonable under the circumstances" is "objective," and thus, a demonstration of "good faith" by a plaintiff does not defeat a motion for sanctions. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 959 (6th Cir. 1990) (citing *INYST Fin. Group, Inc. v. Chem. Nuclear Sys.*, 815 F.2d 391, 401 (6th Cir. 1987).

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooler & Cell v. Hartmarx Corp.*, 496 U.S. 384 (1990); *EEOC v. SACCO*, 102 F. Supp. 2d 413, 417 (E.D. Mich. 2000) ("objective reasonableness" requires an attorney to: "undergo a reasonable inquiry into both the factual and legal predicates of the complaint, prior to filing.") (citing *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir.1988)).

Sixth Circuit Courts regularly impose Rule 11 sanctions against attorneys who fail to conduct reasonable inquiries prior to filing a Complaint. *Eason v. Eastman & Smith*, 1990 WL 127589 (6th Cir. Sept. 4, 1990) (table decision); *Albert v. Edward J. DeBartolo Corp.*, 1993 WL 272477 (6th Cir. July 20, 1993) (table decision) (holding the district court erred by failing to award Rule 11 sanctions where the plaintiff failed to allege facts supporting a prima facie case).

Further, attorneys and parties have a continuing obligation to review and re-evaluate their pleadings, motions and other papers upon discovery that such papers are without merit, and to

immediately dismiss improperly filed actions. *Herron v. Jupiter Trans. Co.*, 858 F.2d 332, 336 (6th Cir. 1988).

"If a pleading…or other paper is signed in violation of [Rule 11], the court…shall impose upon the person who signed it…an appropriate sanction," which can include a "reasonable attorney's fee." *Jackson*, 875 F.2d at 1229. Additionally, "Rule 11 explicitly allows for the imposition of sanctions upon a party responsible for the rule's violation, provided that a represented party is not sanctioned for a violation of subsection (b)(2) involving unwarranted legal contentions." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

Rule 11 "**expressly mandates the imposition of sanctions once a violation is found**. The selection of the type of sanction to be imposed lies of course within the district court's sound exercise of discretion." *Albright v. Upjohn Co*., 788 F.2d 1217, 1222 (6th Cir. 1986) (emphasis added).

## IV. LAW AND ARGUMENT

This Court should dismiss the Plaintiff's frivolous suit in its entirety. Pursuant to Rule 11, the Court should issue an appropriate sanction against both Plaintiff Glenn Whiting attorney Irion. Both Whiting and Irion should be sanctioned for filing a meritless Complaint, neither supported by fact or law, naming multiple defendants that had no interaction or contact with Plaintiff, and failing to even allege any independent facts regarding twenty-two (22) of thirty-three (33) defendants. Plaintiff freely admits that despite being unaware of the names of the individuals shown on the video as interacting with Whiting, he nevertheless filed suit against thirty-three separate defendants.

Plaintiff's claims lack any basis in fact and Plaintiff and his counsel are pursuing this lawsuit for the sole purpose of harassing and annoying the Defendants. First, the video

submitted with the Complaint demonstrates that no defamatory comments were made regarding Whiting as he made his way through the park filming the families in attendance. Second, the allegations that agents of the City, Seth Sumner, Brandon Ainsworth and Bo Perkinson, must have made defamatory comments about him prior to the event is based solely on the fact that parents were upset and expressed outrage that Whiting was posting videos of their children on Facebook.

Third, even if there was a scintilla of evidence to support a claim against the one or more of individuals depicted on the video, and there is not, neither Plaintiff nor his counsel took any reasonable steps to ensure that the proper parties were named or, more importantly, that improper parties were not named. No reasonable plaintiff, much less attorney, would name thirty-three separate defendants without any facts or viable theory to support a claim against them. It appears that Plaintiff and his attorney believed that one or more individuals on the video served as firefighters for the City of Athens and committed a tort by expressing their displeasure that Whiting was posting videos of children online. Instead of investigating and identifying the specific individual(s) whom they allege committed a tort, they chose to obtain a list of the entire fire department and essentially sue them all.

Fourth, the Complaint does not state a viable Section 1983 claim against the municipal defendant, the City of Athens. There are no viable facts alleged to support that any of the individuals depicted on the video as being upset that Whiting was posting videos of children on Facebook took any action pursuant to a custom or policy of the City or under color of law.

Rule 11 itself does not delineate the factors a court should consider when deciding whether to impose sanctions. However, the Rule 11 Advisory Notes include factors a court can consider in analyzing whether an attorney violated Rule 11:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 Advisory Notes; *see also Teno v. Iwanski*, 464 F. Supp. 3d 924, 934–35 (E.D. Tenn. 2020). Several opinions from within this Circuit are illustrative.

In *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.,* plaintiff's counsel, Van R. Irion, filed a complaint alleging that former President Barrack Obama could not be the Democratic party's nomination for President because he was not a "natural-born citizen" of the United States and, thus, Defendants were liable for fraud/intentional misrepresentation. *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.,* No. 12-2143-STA, 2012 WL 3683492, at *1 (W.D. Tenn. Aug. 24, 2012). Much like the present case, the defendant(s) filed a motion to dismiss, which the court granted because plaintiff had not alleged "sufficient facts in support of their standing to assert these claims." *Id.* Defendants also filed a Rule 11 motion alleging that plaintiff brought a frivolous lawsuit "without any legal or factual support for their claims". *Id.* The District Court ultimately was not authorized to award a sanction under Rule 11 because the Defendants failed to follow Rule 11's prerequisites for filing a motion for sanctions. However, the Court still found attorney Irion conduct sanctionable and awarded pursuant to 28 U.S.C. 1927 finding that Irion ". . . knew or reasonably should have known that Plaintiffs lacked standing to pursue their claims. . .". *Id.*, at *4. The Court went on to hold that "Plaintiffs' claims were frivolous and without any arguable basis in law" and that "As such, counsel for Plaintiff [attorney Irion] has multiplied the proceedings in this case unreasonable and vexatiously and

should therefore be required to satisfy personally the attorneys' fees reasonably incurred by Defendants because of such conduct." *Id.*, at 5.

In *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609 (6th Cir. 2010), the Sixth Circuit upheld the award of Rule 11 sanctions where an attorney solely relied upon a list of parties provided to him and filed a complaint based upon the list without adequate investigation. The Court noted that the plaintiff's counsel's argument that a "clerical error" had been made and subsequent agreement by counsel to amend the parties was insufficient to avoid sanctions, explaining ". . . had Plaintiffs' counsel adequately research the factual basis for the claims rather than copying the Litigation Steering Committee list, no 'clerical error' would have been made." *See also Kuzmins v. Employee Transfer Corp.*, 587 F. Supp. 536, 538 (N.D. Ohio 1984) (finding that a clerical error that would have been discovered through minimal inquiry into the law before signing the complaint was a proper ground for Rule 11 sanctions). As in the preset case, "Plaintiffs' counsel's failure to adequately research the factual basis for the claims asserted in the complaint at the time of filing . . ." warrant "the grant of Rule 11 sanctions." *Merritt*, 613 F.3d at 629.

Courts from other jurisdictions have likewise awarded sanctions under Rule 11 in similar factual circumstances. In *Catcove Corp. v. Patrick Heaney*, the District Court for the Eastern District of New York found that Rule 11 sanctions were warranted where a plaintiff made allegations against numerous defendants without pleading any facts against "all but a few" of the defendants. 685 F. Supp. 2d 328, 338 (E.D.N.Y. 2010). The court performed a defendant-by-defendant analysis to determine what, if any, facts have been alleged against each defendant:

> Plaintiffs do not make a *single* factual allegation against Ms. Grabosky. With respect to Mr. Collins, Plaintiffs allege only that he met with them once. (Amend. Compl. ¶ 61). The sole factual allegation 'against' Ms. D'Angelo contends that she performed the ministerial task of 'advis[ing] Murphree and Catcove that the Department of Land Management forwarded the site plan to the Town Environmental Division.' (*Id.* ¶ 101). Similarly, the sole factual allegation 'against'

> Mr. Ludlow concerns him 'informing Heaney that the Town had neglected to submit an application to the Conservation Board.' (*Id.*¶ 102). And, far from showing any wrongdoing or 'conspiracy,' the only factual allegations about Ms. Kabot concern her *opposition* to Mr. Heaney's supposed abuses of power. (*Id.* ¶¶ 34, 38). Yet, despite pleading nothing against any of these Defendants, Plaintiffs still named them individually. In addition, without even an iota of factual support, Plaintiffs also explicitly allege that Ms. Kabot, Ms. Grabosky, and Mr. Collins used their power 'to discriminate against plaintiff on the basis of gender.' (*Id.* ¶¶ 205, 212, 232).

*Id.* The court ultimately held: "[c]onsequently, even after resolving all doubts in Plaintiffs' favor, the claims asserted against Ms. Kabot, Ms. Grabosky, Mr. Collins, Ms. D' Angelo and Mr. Ludlow are 'utterly lacking in support.' And, as a result, Plaintiffs' Complaint violates Rule 11." *Id.* (internal citations omitted); *see also Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.,* 665 F. Supp. 2d. 239, 264 (S.D.N.Y. 2009) (complaint violated Rule 11 because it alleged "no facts" against certain defendants and instead "swept these defendants up in alleged conduct vaguely attributed to the 'defendants' or 'defendants, or some of them.'").

## V. CONCLUSION

In the practice of law, there is certainly room for zealous advocacy. However, Fed. R. Civ. P. 11 is for those situations that go beyond the bounds of such advocacy – and this is certainly such a situation. Plaintiff's claims are utterly false and without merit. The Complaint names over twenty defendants without attributing any facts to support a claim against them. The claims against Defendants Perkinson, Ainsworth and Sumner are based solely on rank speculation and the inconceivable theory that parents would not be outraged an adult male [Whiting] they did not know was filming and posting videos of their children online absent some prior defamatory statement about Whiting.

The video attached to the Complaint itself evidences that the claims in the Complaint are false. Plaintiff's attorney, who has previously been sanctioned for similar conduct, failed to

undertake any reasonable investigation before filing the Complaint and was fully complicit with the Plaintiff's actions.

These Defendants should never have had to respond to the sworn Complaint, nor had to file any Motions to Dismiss, nor this Motion. Defendants should be fully reimbursed for their attorney's fees incurred in having to respond to the baseless, legally barred, and frivolous Complaint.

RESPECTFULLY submitted this ___ day of____________ 2023.

CITY OF ATHENS, TENNESSEE,

By: /s/________________________________

DAN R. PILKINGTON, BPR NO. 24660
WATSON, ROACH, BATSON,
& LAUDERBACK, P.L.C.
Attorneys for Defendant
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700
dpilkington@watsonroach.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

*Attorney for the Plaintiff*
Van R. Irion
Law Office of Van R. Irion
800 South Gay Street, Suite 700
Knoxville, Tennessee 37929

Dated this ____ day of ____________ 2023.

/s/ ________________________________
DAN R. PILKINGTON, BPR No. 24660
WATSON, ROACH, BATSON,
& LAUDERBACK, P.L.C.
Attorney for Defendant The City of Athens, Tennessee
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700
dpilkington@watsonroach.com



Case 3:23-cv-00002-TRM-DCP Document 233-3 Filed 07/12/24 Page 19 of 19
PageID #: 2489