UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN WHITING, | ) | |
| | ) | Case No. 3:23-cv-2 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| CITY OF ATHENS, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Before the Court is pro se Plaintiff Glenn Whiting's motion to amend the Court's order granting summary judgment in favor of Defendants (Doc. 229). For the following reasons, Plaintiff's motion (Doc. 229) will be **DENIED**.

**I.  BACKGROUND**

On June 14, 2024, the Court granted Defendants' motions for summary judgment and dismissed the action. (Docs. 211, 212.) Plaintiff then filed a motion to alter or amend the judgment (Doc. 229) on July 11, 2024, and that motion is ripe for the Court's review.

**II.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) allows a party to move "to alter or amend a judgment [within] 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 59(e) "provides a procedure for correcting manifest errors of law or fact or considering the import of newly discovered evidence." *Lamar OCI S. Corp. v. Tenn. Dep't of Transp.*, No. 3:21-cv-226, 2022 WL 3052409, at *1 (E.D. Tenn. Aug. 2, 2022) (quoting *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)). For a court to grant a motion under Rule 59(e), there must be

"(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir 2006)). "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (quoting *FDIC v. World Univ, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Further, "[a] Rule 59(e) motion is 'not intended [to] relitigate issues previously considered.'" *Lamar*, 2022 WL 3052409, at *1 (quoting *Helton*, 964 F. Supp. at 1182).

### III. ANALYSIS

Plaintiff is not entitled to relief under Rule 59(e). He does not present new evidence or a change in controlling law, nor does he point to a clear error of law. In fact, he does not cite to the record or the relevant standard at all in his motion. Instead, Plaintiff seeks to relitigate issues the Court discussed in its memorandum opinion and other orders. But "[a] motion under 59(a) is not an opportunity to re-argue a case[,]" rather, a motion under Rule 59(e) "must clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC*, 496 F.3d at 474). To the extent Plaintiff raises new arguments and legal theories in his motion, doing so under a Rule 59(e) is inappropriate, and the Court will not consider any such argument or theory. *Helton*, 964 F. Supp. at 1182 ("Motion [to alter or amend the judgment] cannot be used to introduce legal theories for the first time . . . .").

If any of Plaintiff's concerns can be interpreted as an argument that amendment is needed to prevent manifest justice, he has not met his burden in demonstrating such a need. To evidence manifest injustice, a party must show that "there exists a fundamental flaw in the court's decision

that without correction would lead to a result that is both inequitable and not in line with applicable policy." *McDaniel v. Am. Gen. Fin. Servs., Inc.*, Bo. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)). Plaintiff fails to do such in this case. Therefore, Plaintiff fails to meet any of the requirements for a successful Rule 59(e) motion, and the Court will deny the motion (Doc. 229).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to alter or amend the judgment (Doc. 229).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**