UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GLENN WHITING, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:23-CV-2-TRM-DCP |
| | ) | | |
| CITY OF ATHENS, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of referral by United States Chief District Judge Travis A. McDonough [Doc. 269].

Now before the Court is Public Entity Partners' Motion to Quash [Doc. 247]. Plaintiff and Attorney Van Irion ("Attorney Irion") responded in opposition [Doc. 248], and Public Entity Partners replied [Doc. 252]. Subsequently, Plaintiff and Attorney Irion filed a Motion to Compel [Doc. 255]. Public Entity Partners responded in opposition [Doc. 256], and Plaintiff and Attorney Irion did not file a reply, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a).

The motions are thus ripe for adjudication. *See id*. For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Public Entity Partners' Motion to Quash [**Doc. 248**] and **DENIES** Plaintiff and Attorney Irion's Motion to Compel [**Doc. 255**].

I.  BACKGROUND

On January 3, 2023, Plaintiff filed the underlying Complaint pursuant to 42 U.S.C. § 1983, alleging that thirty-three individual Defendants violated his First Amendment rights and committed several torts [Doc. 1]. After the dismissal of twenty-three Defendants [Docs. 21, 22,

1

Case 3:23-cv-00002-TRM-DCP    Document 272    Filed 12/12/24    Page 1 of 13
PageID #: 2703

32, 72, 108], ten remained: the City of Athens; Seth Sumner; Bo Perkinson; Brandon Ainsworth; Jameson Sliger; Tyler Hicks; Rod Walker; Seth Walker; Deb Cardin; and Thomas Garland.

Attorney Irion represented Plaintiff from the filing of the Complaint until the Court granted his motion to withdraw on February 13, 2024 [Doc. 138]. Attorneys Brian Bibb and Dan R. Pilkington of Watson, Roach, Batson, Rowell & Lauderback PLC, represented Defendants City of Athens; Brandon Ainsworth; Rod Walker; Seth Walker; Deb Cardin; Thomas Garland; and Timothy Schultz, who was dismissed.[1] Attorney Pilkington also represented nineteen Defendants who were dismissed.[2] Attorneys Keith H. Grant and Laura Rufolo represented Defendants Seth Sumner and Bo Perkinson. Attorney D. Mitchell Bryant represented Defendant Jameson Sliger. Defendants Gregory Gable, Cody Williams, Tonia Ratledge Dake (who were dismissed), and Tyler Hicks were not represented by counsel.[3]

The Court entered a Scheduling Order requiring the parties to complete all discovery by December 25, 2023 [Doc. 106 p. 2]. On March 25, 2024, the remaining Defendants filed motions for summary judgment [Docs. 161, 163, 167]. On June 14, 2024, the Court granted Defendants' motions for summary judgment, dismissed Plaintiffs' claims, and directed the Clerk to close the case [Docs. 211 & 212].

All Defendants who were represented by counsel moved for attorneys' fees [Docs. 220, 222, 231]. The Court granted Plaintiff additional time to respond to these motions, instructing

---

[1] Defendant Timothy Schultz was dismissed per stipulation [Doc. 32].

[2] Plaintiff voluntarily dismissed Defendants Jackson Engram, Robert Evans, Jason Fling, Joshua Fulbright, Clara Kirksey, Christopher Lillard, Dustin Martin, Dexter Miller, Robert Moses, Ronald Nipper, Christopher Smith [Doc. 21], Dave Albertson, Enoch Dixon, Casey Moses, Joshua Roach, Jonathan Parrot [Doc. 22], Quinton Key, and Chad Ramsey [Doc. 72]. The Court dismissed Defendant Ty Gable for insufficient service [Doc. 108].

[3] Plaintiff voluntarily dismissed Defendants Gregory Gable, Cody Williams, and Tonia Ratledge Dake [Doc. 72].

him to respond by August 12, 2024 [Doc. 230]. On July 12, 2024, Defendants Brandon Ainsworth, Deb Cardin, and the City of Athens moved for sanctions against Plaintiff and Attorney Irion, asking to be reimbursed for their attorneys' fees [Doc. 233].

Plaintiff and Attorney Irion requested additional time to respond to these motions [Docs. 239, 242 & 242]. The Court extended the deadline, ordered Plaintiff and Attorney Irion to respond to the motions for attorneys' fees by September 16, 2024, and notified them that the Court would not grant further time absent extraordinary circumstances [Doc. 246].

On August 16, 2024, Plaintiff and Attorney Irion's counsel, Attorney Russell Egli, emailed subpoenas to Public Entity Partners ("PEP")—the risk management provider for Defendant City of Athens—and served the subpoenas the following day [Doc. 247 p. 2; Doc. 247-1; Doc. 247-2]. The first subpoena ("First Subpoena") required that PEP produce documents by August 16, 2024 [Doc. 247-1]. Upon realizing that he had inadvertently failed to sign the First Subpoena, Attorney Egli issued a corrected one [Doc. 255 p. 1 n.1]. The second subpoena ("Second Subpoena") required that PEP produce documents by September 9, 2024 [Doc. 247-2]. Both subpoenas seek:

1. The claim records including but are not limited to the documented expenses, emails, notes, claims adjuster notes, and documentation evidencing reserves.

2. All invoices submitted to PEP and money paid to Watson, Roach, Batson, Rowell & Lauderback P.L.C. or/and Watson, Roach & Lauderback P.L.C., or/and directly to attorneys Dan Pilkington or Brian Bibb.

3. Denial of coverage letters sent by PEP to Seth Sum[n]er and Bo Perkinson.

4. All invoices submitted to PEP and money paid to the law offices of Robinson, Smith & Wells and/or attorneys Keith H[.] Grant and Laura Beth Rufolo.

5. The risk pool contract that was entered between PEP and The City of Athens.

6. The Resolution, as required by law, authorizing the City of Athens to enter a contract with the PEP Risk Management Pool.

7. Documentation showing any and all dividends and "full package bonus" paid to the City of Athens from 2022–present.

[Docs. 247-1; 247-2].

PEP, who is represented by Attorneys Pilkington and Bibb, moves to quash both subpoenas [Doc. 247]. It argues that the First Subpoena is invalid as it provides a production date after it received the subpoena and that the Court should quash the Second Subpoena as the discovery deadline has passed and the case is closed [*Id.*].

Plaintiff and Attorney Irion filed a response, asking the Court to compel PEP's compliance, strike the motion to quash, grant additional time to file a response for attorneys' fees and costs, allow them to depose Attorneys Pilkington, Bibb, and Grant regarding their affidavits for attorneys' fees, and award attorneys' fees to Plaintiff [Doc. 248]. They also argue that Attorney Pilkington does not have standing to bring the Motion to Quash [*Id.*].

PEP filed a reply, contending that neither the law nor any fact supports that it does not have standing to challenge the subpoenas [Doc. 252 p. 2]. It reiterates that Plaintiff served the subpoenas after the discovery deadline expired without leave of Court to conduct discovery and after the Court entered its final judgment [*Id.*].

Plaintiff and Attorney Irion subsequently filed a motion seeking "dismissal of [the] Motion to Quash with costs" and requesting that the Court award them expenses and attorneys' fees and compel PEP to answer the subpoena [Doc. 255 pp. 3–4]. Plaintiff and Attorney Irion

also seek a declaratory judgment that "[Attorney] Pilkington is hopelessly conflicted operating as an insurance defense counsel for the party that also represents the insurance carrier . . ." [*Id.*].

PEP filed a response, arguing that Plaintiff and Attorney Irion's motion is "an attempt to circumvent the Local Rules, redundant, and should be rejected out of hand" [Doc. 256 p. 1]. Further, PEP contends that Plaintiff and Attorney Irion do not establish a basis to compel its compliance with the subpoenas because the discovery deadline expired and the Court dismissed the case [*Id.* at 2]. PEP states that Plaintiff and Attorney Irion "made no direct and properly supported request to conduct discovery in order to oppose the pending motions for attorney fees[,]" and it asks the Court not to permit the requested discovery [*Id.*]. Lastly, PEP reiterates that it has standing to move to quash the subpoenas [*Id.* at 2–3].

### III. ANALYSIS

The Court finds that PEP has standing to move to quash the subpoenas, and therefore, it will consider the merits of its request. The Court quashes the First Subpoena [Doc. 247-1] because it is facially invalid. While PEP has not set forth grounds for quashing the Second Subpoena [Doc. 247-2], for the reasons stated below, the Court will not enforce the Second Subpoena. The Court therefore **GRANTS IN PART AND DENIES IN PART** PEP's motion [**Doc. 247**]. With respect to Plaintiff and Attorney Irion's Motion to Compel, the Court declines to permit discovery on the issue of attorney's fees at this time and therefore **DENIES** their Motion to Compel [**Doc. 255**].

#### A. PEP's Motion to Quash [Doc. 247]

PEP moves to quash the two subpoenas served by Plaintiff and Attorney Irion's counsel [Doc. 247]. Before addressing the merits, the Court first must consider the threshold issue of standing. *Young v. WH Adm'rs, Inc.*, No. 1:17-CV-02829, 2018 WL 2976987, at *2 (W.D. Tenn.

June 13, 2018) (describing standing as a threshold issue which the court must consider before the merits of a challenge to a non-party subpoena).  Plaintiff and Attorney Irion argue that "[Attorney] Pilkington d[oes] not have standing to bring the Motion to Quash" [Doc. 248 p. 3]. PEP responds that this argument is "without any legal or factual support," noting that Attorney Pilkington "appeared specially for [PEP] for the purposes of moving to quash the subpoena(s) at issue . . . and did not file the motion on behalf of any of the individual defendants." [Doc. 252 p. 2].

Typically, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it."  *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002); *Stooksbury v. Ross*, No. 3:09-CV-498, 2013 WL 12043465, at *2 (E.D. Tenn. Mar. 4, 2013); *Mann v. Univ. of Cincinnati*, Nos. 95–3195, 95-3292, 1997 WL 280188, at *2 n.3 (6th Cir. 1997) ("[T]he person subpoenaed is the only person with standing to contest the subpoena . . . ."). Here, Attorney Pilkington did not file the motion to quash on behalf of himself.  Instead, he filed it as counsel for PEP [*See* Doc. 247 p. 1 ("[PEP] hereby appears specially for the limited purpose of moving to quash two subpoenas duces tecum served upon it by counsel for the Plaintiff and counsel for Attorney Van Irion."); *see also* Doc. 252 p. 2].  Given that PEP received the subpoenas, it has standing to move to quash them under Rule 45.

Rule 45 governs motions to quash subpoenas, and it requires the Court to quash or modify a subpoena that does not allow a reasonable time to comply, requires a person to comply beyond the geographic limits specified, requires a person to disclose privileged or otherwise protected matter, or subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A).  The moving party has the burden to quash the subpoena.  *See Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (explaining that the party seeking to quash a subpoena bears

the ultimate burden of proof) (citing *White Mule Co. v. ATC Leasing Co. LLC*, 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)).

PEP requests that the Court quash both subpoenas [Doc. 247]. It argues that the First Subpoena is facially invalid because it provides a production date of August 16, 2024, which is prior to the time Plaintiff and Attorney Irion sent the subpoena to PEP [*Id.* at 2]. Plaintiff and Attorney Irion did not respond to this argument, but in their Motion to Compel, they state that the First Subpoena was issued by accident as it was not signed by their counsel [Doc. 255 p. 1 n. 1]. Because Plaintiff and Attorney Irion acknowledge accidentally issuing the subpoena, which does not provide a reasonable time to comply, *see Care Fusion 2200, Inc. v. Entrotech Life Sci., Inc.*, No. 2:15-MC-16, 2015 WL 1954587, at *2–3 (S.D. Ohio Apr. 29, 2015) (explaining that Rule 45 does not define reasonable time, but many courts presume fourteen days from the date of service is reasonable), the Court quashes the First Subpoena [Doc. 247-1]. *See* Fed. R. Civ. P. 45(d)(3)(A)(i) (stating that courts must quash a subpoena that "fails to allow a reasonable time to comply").

Turning to the Second Subpoena, PEP asserts that the Court should quash the subpoena because this type of discovery is subject to the discovery deadline in the Scheduling Order, which expired before Plaintiff and Attorney Irion served the subpoena [Doc. 247 pp. 2–3]. Relatedly, PEP argues that "[c]ourts regularly reject attempts to serve subpoenas or conduct discovery after a case has been dismissed" [*Id.* at 4].

Plaintiff and Attorney Irion respond stating that "[Attorney] Pilkington submitted a [lode]star application . . . which is frivolous and is not authorized under [the Federal Rules of Civil Procedure]" [Doc. 248 p. 1]. They state that "all the claims, except for claims against the state actor, Seth Summer, would be required to be covered by the City of Athen[s'] liability insurance

7

Case 3:23-cv-00002-TRM-DCP    Document 272    Filed 12/12/24    Page 7 of 13
PageID #: 2709

policy" [*Id.* at 2]. Plaintiff and Attorney Irion take issue with the affidavit submitted by [Attorney] Pilkington, stating it is "self-serving" and "inconsistent" [*Id.* at 3].

PEP argues that Plaintiff and Attorney Irion's response "makes no effort to meet the arguments made by [PEP]" [Doc. 252 p. 2]. It states that Plaintiff and Attorney Irion "appear to acknowledge that their subpoenas are invalid without specific leave of Court to conduct discovery after expiration of the discovery deadline and entry of final judgment" because they "do not address [the authority cited], or otherwise argue that they have entitlement to conduct discovery . . ." [*Id.*]. It reiterates that "Plaintiff and [Attorney] Irion have no legal basis to conduct discovery via subpoena after expiration of the discovery deadline, after entry of final judgment, and after notice of appeal" [*Id.* at 3].

With respect to PEP's argument that the discovery deadline has expired, it has not provided any authority that discovery on the issue of attorneys' fees is subject to the discovery deadline, and case law suggests that it is not. *See generally Davis v. Fid. Techs. Corp.*, 180 F.R.D. 329, 330–31 (W.D. Tenn. 1998) (granting motion to compel documents relating to attorneys' fees after court entered judgment because the issue of attorneys' fees remained); *Falana v. Kent State Univ.*, No. 5:08-CV-720, 2012 WL 6084630 (N.D. Ohio Dec. 6, 2012) (granting request for discovery on issue of attorneys' fees after trial and entry of judgment); *Bagi v. City of Parma, Ohio*, 795 F. App'x 338, 344 (6th Cir. 2019) (stating that "limited discovery and a hearing on the issue of attorney fees is often appropriate").[4] And it appears Plaintiff and

---

[4] PEP cites several cases to support that because the discovery deadline expired, the Federal Rules of Civil Procedure do not permit further discovery [Doc. 247 pp. 2–3]. This authority reinforces that subpoenas under Rule 45 of the Federal Rules of Civil Procedure are discovery devices but does not address post-judgment discovery on the issue of attorney's fees. *See Hendricks v. LVNV Funding, LLC*, No. 2:13-CV-111, 2014 WL 12534774, at *4–5 (E.D. Tenn. Sept. 30, 2014) (concluding a subpoena under Rule 45 is a discovery device, not a separate legal action violating the Fair Debt Collection Practices Act); *Martin v. Oakland Cnty.*, No. 2:06-

8

Case 3:23-cv-00002-TRM-DCP   Document 272   Filed 12/12/24   Page 8 of 13
PageID #: 2710

Attorney Irion's subpoena does not relate to the merits of the case but to Defendants' requests for attorneys' fees. Indeed, "whether to allow discovery of information regarding fees and expenses of opposing counsel is generally considered to be within the discretion of the trial court." *Johnson v. City of Memphis*, No. 00-2608, 2007 WL 9371506, at *2 (W.D. Tenn. May 21, 2007) (collecting cases). Given that, the Court finds that PEP has not met its burden to quash the Second Subpoena on this basis.[5]

### B. Plaintiff and Attorney Irion's Motion to Compel

Plaintiff and Attorney Irion moved to compel PEP to produce the documents requested in the Second Subpoena [Doc. 255]. They state that "no [c]ourt in the land . . . would deny discovery on . . . attorney's fees post-judgment—a property interest protected by the rights bestowed to the Movants by the United States Constitution" [*Id.* at 3 (citation omitted)]. They also assert that they "are entitled to take the depositions of the attorneys seeking these fees and the designated individuals for PEP" [*Id.* (cleaned up)].

PEP filed a response, arguing that Plaintiff and Mr. Irion's motion to compel is "an attempt to circumvent the Local Rules, redundant, and should be rejected out of hand" because "[it] is, in substance, a sur-reply [to PEP's Motion to Quash] that has already been fully briefed" [Doc. 256 p. 1]. Further, PEP contends that there is "no legal basis to conduct discovery via

---

CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008) (quashing subpoena duces tecum issued nine months after discovery deadline and two months before trial); *Smith v. ComputerTraining.com, Inc.*, No. 10-11490, 2014 WL 4231175 (E.D. Mich. Aug. 27, 2014) (applying relevancy standard of Rule 26 to subpoena duces tecum issued to defendant's insurance company during post-judgment proceedings).

[5]   In responding to PEP's Motion to Quash, Plaintiff and Attorney Irion also ask that the Court strike PEP's Motion to Quash, allow them to depose Attorneys Pilkington, Bibb, and Grant regarding their affidavits for attorney's fees, and award sanctions against PEP [Doc. 248]. Plaintiff and Attorney Irion provide no authority for these requests, and therefore, the Court declines to consider them.

subpoena after expiration of the discovery deadline, after entry of final judgment, and after a notice of appeal has been filed" [Doc. 256 p. 3]. PEP states that Plaintiff and Attorney Irion "made no direct and properly supported request to conduct discovery in order to oppose the pending motions for attorney fees" and asks the Court not to permit the requested discovery [*Id.*].

As an initial matter, PEP argues that Plaintiff and Attorney Irion's motion violates Local Rule 7.1(d) [Doc. 256 p. 1]. Local Rule 7.1(d) provides that a party may not file an additional brief in support (or opposition) of a motion except to call the Court's attention to developments after the party filed its final brief. E.D. Tenn. L.R. 7.1(d). Given that Plaintiff and Attorney Irion did not oppose this argument, the Court could consider the proposition conceded. *AK v. Behav. Health. Sys., Inc.*, 382 F. Supp. 3d 772, 774 (M.D. Tenn. 2019) (explaining that under case law, "when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the opposition conceded" (citations omitted))). The Court nevertheless has considered the merits of PEP's argument. While the arguments in all the filings overlap, in an exercise of its discretion, the Court finds it appropriate to consider Plaintiff and Attorney Irion's Motion to Compel in order to more fully analyze whether PEP should be compelled to respond to the Second Subpoena. *ChampionX, LLC v. Resonance Sys, Inc.*, No. 3:21-CV-288, 2024 WL 1345698, at *6 (E.D. Tenn. Mar. 28, 2024) (explaining that the Court has broad discretion to consider the merits of a dispute despite violations of the Local Rules) (citations omitted). The Court will not, however, address any arguments that it has addressed above.

Rule 45 of the Federal Rules of Civil Procedure permits parties to command a non-party to produce documents. Fed. R. Civ. P. 45(a)(1). If the non-party objects, as PEP has here, "the serving party may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2(B)(i). Discovery under Rule 45, including its

scope, is subject to the same limitations as Rule 26. *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786198, at *6 (M.D. Tenn. May 16, 2016) ("The scope of discovery under a subpoena is coextensive with the scope of discovery under Rule 26 . . . .").

Under Rule 26, the Court must, on motion or on its own, limit the extent of discovery if it determines that the proposed discovery is outside the scope permitted. Fed. R. Civ. P. 26(b)(2)(c); *see Ward v. Am. Pizza Co*., 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("[T]he Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26 . . . ."); *see also Good v. Walworth*, No. 21-1429, 2023 WL 9320823, at *4 (6th Cir. Aug. 22, 2023) (concluding that the district court did not abuse its discretion in denying discovery that would be irrelevant to the issue to be decided), *cert. denied*, 144 S. Ct. 1071 (2024). Further, Rule 26 affords the Court discretion to limit the scope of discovery. *France v. Lucas*, 836 F.3d 612 (6th Cir. 2016) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)). And, as stated above, deciding whether to allow discovery of materials regarding the fees of opposing counsel is within the Court's discretion. *Johnson*, 2007 WL 9371506, at *2; *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 722 (6th Cir. 1996) (district court did not abuse its discretion in denying the defendant the chance to depose opposing counsel on the issue of the amount of attorney fees where relevant information was before court in an affidavit from the attorney).

Here, Plaintiff and Attorney Irion seek to compel PEP to produce documents listed in the Second Subpoena and to depose Defendants' attorneys in order to support their objections to the motions for attorneys' fees [Doc. 256 p. 3]. But Plaintiff and Attorney Irion have not yet filed responses to Defendants' requests for attorneys' fees. As some courts have stated, the relevance of discovery into the opposing counsel's fee records depends on the nature of the objections

raised. *Almanza v. Barr*, No. 3:15-CV-389, 2019 WL 2062505, at *2 (E.D. Tenn. May 9, 2019) (citing *Johnson v. City of Memphis*, No. 00-2608, 2012 WL 423597, at *5 (W.D. Tenn. Feb. 8, 2012)); *Hawkins v. Ctr. For Spinal Surgery*, No. 3:12-CV-1125, 2017 WL 6389679, at *1 (M.D. Tenn. June 21, 2017); *Davis*, 180 F.R.D. at 331 (analyzing objections to the production of billing statements on the basis of relevance); *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-2010, 2004 WL 784489, at *3 (W.D. Tenn. Feb. 24, 2004).[6] Given that, the Court cannot assess the relevance of the discovery that they seek. Thus, at this juncture, the Court declines to compel PEP to produce the requested documents.[7]

---

[6] This circumstance generally arises when a prevailing plaintiff requests discovery of defense counsel's billing statements to assess defendant's objection to the reasonableness objection.

[7] Plaintiff and Attorney Irion also request that the Court dismiss the PEP's Motion to Quash, award attorney's fees and expenses to Plaintiff, and enter a declaratory judgment [Doc. 255 pp. 3–4]. They do not develop these arguments. The Court declines to consider the requests. *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577 (6th Cir. 2018) (noting that when parties present undeveloped points, courts routinely decline to consider them). With respect to Plaintiff and Attorney Irion's request for additional time to respond to the motions for attorneys' fees, Chief Judge McDonough has already granted an extension [Doc. 271]. Thus, that request is moot.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** PEP's Motion to Quash [Doc. 247] and **DENIES** Plaintiff and Attorney Irion's Motion to Compel [Doc. 255]. [8]

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[8] The Court issues this Order resolving a non-dispositive, post-judgment matter pursuant to the Chief District Judge's order referring the matter [Doc. 269 (citing 28 U.S.C. § 636(b)(3))]. Pursuant to 28 U.S.C. § 636(b)(3), magistrate judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." While it is noted that "[t]he statute does not define the appeal standards or mechanics[,]" *In re ClassicStar Mare Lease Litig.*, No. 5:06-CV-243, 2017 WL 27455, at *7 (E.D. Ky. Jan. 3, 2017), in any event, this matter is appealable to the Chief District Judge. A party objecting must file the same within fourteen (14) days of entry, and the failure to file an objection may waive a party's right to review. *Id.*