**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| GLENN WHITING, | ) | |
| | ) | Case No. 3:23-cv-2 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| CITY OF ATHENS, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| | ) | |

---

## ORDER

---

Before the Court are Defendants' motions for attorney fees (Docs. 220, 222, 231) and

Defendants City of Athens, Brandon Ainsworth, and Deb Cardin's motion for Rule 11 sanctions

(Doc. 233). For the following reasons, the Court will **GRANT** Defendant Perkinson, Sumner,

and Sliger's motions for attorney fees (Docs. 220, 222), as well as the motion for Rule 11

sanctions. (Doc. 233.) The remaining Defendants' motion (Doc. 231) will be **GRANTED IN**

**PART** and **DENIED IN PART**.

### I.    BACKGROUND

Defendant City of Athens, Tennessee ("the City") has traditionally hosted a fireworks

event on July 4th every year ("the Event"). (*See* Doc. 221, at 1.) In 2022, the City decided to

limit attendance at the Event to city employees, their family members, and their invitees. (*Id.*)

City council member Dick Pelley "publicly opposed the exclusion of the general public, and he

gave his ticket to the Plaintiff Glenn Whiting to attend the event." (*Id.*) Plaintiff attended the

Event to record it so that he could "show the fact that [the Picnic] is wrong" and should have

1

been open to the general public. (Doc. 211, at 1.) When Plaintiff arrived at the Event, he interacted with several individuals, some of whom were city employees. (*Id.* at 2.) Some of these individuals confronted Plaintiff when he appeared to be recording their children. (*Id.* at 2–3.) All resistance these individuals expressed toward Plaintiff focused solely on preventing him from videoing children; no one discouraged him from otherwise livestreaming the Event.[1] (*Id.* at 2.)

Plaintiff filed this suit on January 3, 2023, naming thirty-three defendants. (Doc. 1.) On March 29, 2023, Plaintiff filed his first amended complaint, asserting claims for: (1) First Amendment retaliation and prior restraint under 18 U.S.C. § 1983; (2) defamation; (3) assault; (4) battery; and (5) intentional infliction of emotional distress ("IIED"). (Doc. 31, at 11–19.) After some claims and Defendants were dismissed from the case (*see* Docs. 108, 113), the remaining Defendants moved for summary judgment (Docs. 161, 163, 167). The Court granted summary judgment to Defendants on Plaintiff's First Amendment claims, and declined to exercise jurisdiction over Plaintiff's remaining state-law claims on June 14, 2024. (Docs. 211–12.)

Defendants timely filed the present motions for attorney fees and Rule 11 sanctions, and Plaintiff responded in opposition. (Docs. 220, 222, 231, 233, 251.) Defendants assert that they are entitled to attorney fees under 42 U.S.C. § 1988, Tennessee Code Annotated § 29-20-113, 28 U.S.C. § 1927, and Rule 11 of the Federal Rules of Civil Procedure. However, due to deficiencies in the material supporting the amount of fees Defendants requested, the Court ordered supplemental briefing on November 5, 2024. (Doc. 263.) Defendants filed supplements

---

[1] For a further description of the factual background surrounding the incident on July 4, 2022, see Doc. 211, at 1–5.

2

in accordance with the Court's order (Docs. 264, 265, 266), and their motions for attorney fees are ripe for review.

## II.    STANDARD OF LAW

### A.  42 U.S.C. § 1988

Pursuant to 42 U.S.C. § 1988, "in any action to enforce a provision of" § 1983, "the court, in its discretion, may allow the prevailing party" a "reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  Recovery under this statute is the default for a prevailing § 1983 plaintiff; the United States Supreme Court has directed that a "prevailing plaintiff should ordinarily recover an attorney's fees unless special circumstances would render such an award unjust."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations and citations omitted).  However, a prevailing party can be either a defendant or a plaintiff.  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978) (holding that § 1988 authorizes a fee award to a prevailing defendant, who should also be protected "from burdensome litigation having no legal or factual basis").  Under § 1988, "[a] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)).  Additionally, § 1988 does not allow for the recovery of attorney fees related to state-law claims.  *Ash v. Bezotte*, No. 10-11875, 2013 WL 4777176, at *3 (E.D. Mich. Sept. 5, 2013).

In adjudicating a defendant's request for attorney fees pursuant to 42 U.S.C. § 1988, the Court should determine whether:  (1) the defendant is a "prevailing party"; (2) the plaintiff's action was frivolous, unreasonable, or without foundation; (3) the compensation sought is reasonable, as assessed by the lodestar method; and (4) there are any exceptional considerations

3

requiring an upward or downward adjustment. *See Hensley*, 461 U.S. at 433–34; *Wolfe*, 412 F.3d 707 at 720. The lodestar method requires a court to multiply the number of hours reasonably expended by the applicable hourly market rate for legal services to find an objective basis for a lawyer's services. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). There is a strong presumption that the lodestar figure is reasonable, but a court should scrutinize the amount to ensure it does not produce windfalls to attorneys. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).

### B. Tennessee Code Annotated § 29-20-113

To be entitled to attorney fees under Tennessee Code Annotated § 29-20-113, a Tennessee local-government employee must prevail on his individual-capacity claim. Tenn. Code Ann. § 29-20-113(a). The statute defines "prevailing party" broadly: "a government employee is deemed a prevailing party . . . so long as he asserts in his answer, at least forty-five days before the dismissal, that he was not acting in his individual capacity." *Ogle v. Jones*, No. 3:20-cv-293, 2024 WL 2224328, at *3 (E.D. Tenn. May 16, 2024) (citing § 29-20-113(b)(2)). Thus, the statute imposes three procedural requirements before a government-employee defendant can be characterized as a prevailing party under the statute: (1) the plaintiff's individual-capacity claim is dismissed; (2) the government employee's answer or responsive pleading asserts that he was not acting in his individual capacity as to the claims alleged; and (3) the dismissal occurs at least forty-five days after the government employee filed the answer or responsive pleading. *Id.* If these requirements are met, a Tennessee government employee is entitled to attorney fees under the statute.

4

## C.  28 U.S.C. § 1927

Title 28 U.S.C. § 1927 also authorizes a district court to award attorney fees as a sanction against a lawyer for "unreasonably and vexatiously" multiplying the proceedings in any case.  To award fees pursuant to § 1927, the court must find that counsel's conduct "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Milner v. Biggs,* No. 13–3486, 2014 WL 1910550, at *3 (6th Cir. May 13, 2014) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir.2006)).  An award of fees pursuant to § 1927 requires a showing of "more than negligence or incompetence" but "less than subjective bad faith." *Id.* (quoting *Hall v. Liberty Life Assurance. Co. of Boston*, 595 F.3d 270, 276 (6th Cir. 2010)).  An attorney's conduct is sanctionable under the statute "when [he] intentionally abuses the judicial process or knowingly disregards the risk that [his] actions will needlessly multiply proceedings, or when he knows or reasonably should know that a claim pursued is frivolous[.]" *Jones v. Hamilton Cnty., Ohio*, No. 23-3002, 2023 WL 7391704, at *3 (6th Cir. Nov. 8, 2023), *cert. denied sub nom. Jones v. McKeague*, 144 S. Ct. 1098 (2024) (internal quotations and citations omitted).  The purpose of awarding fees pursuant to this statute is to "deter and punish those who abuse the judicial process." *Dean's Cards*, *LLC v. Perlstein*, No. 1:13-cv-912, 2014 WL 3793575, at *2 (S.D. Ohio July 31, 2014).  An attorney subject to sanctions under § 1927 is "required to personally satisfy the excess costs attributable to his misconduct." *Red Carpet,* 465 F.3d at 646. Additionally, "Section 1927 authorizes a court to sanction an attorney from the point in time when the attorney's pursuit of . . . claims became unreasonable and vexatious." *Williams*, 2019 WL 490354 at *4 (quoting *Carter v. Hickory Healthcare Inc.*, No. 5:14CV2691, 2017 WL 1711043, at *2 (N.D. Ohio May 3, 2017) (internal quotations omitted).  A court has "broad

5

discretion" when considering an award of sanctions under § 1927.  *See El-Khalil v. Tedeschi*, No. 18-12759, 2023 WL 5827666, at *8 (E.D. Mich. Sept. 8, 2023) (citation omitted).

### D.  Rule 11 Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If a court finds that a party violated Rule 11(b), the court may impose sanctions upon the violating party after the party is given notice and reasonable opportunity to respond.  Fed. R. Civ. P. 11(c)(1).  A motion for sanctions under Rule 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  Rule 11(c) provides a safe harbor which requires "the moving party to serve its motion for sanctions on the opposing party twenty-one (21) days before actually filing or presenting the motion to the court."  *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 12-2143-STA, 2012 WL 3683492, at *3 (W.D. Tenn. Aug. 24, 2012).  This allows the opposing party a "respite in which to cure the alleged violation of Rule 11(b)."  *Id*.

6

Substantively, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (internal quotation omitted). An attorney's duty to conduct a reasonable inquiry into the basis of his client's claims is continuing. *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 336 (6th Cir. 1988). If a party or attorney discovers that a claim, pleading, or motion no longer holds merit, it must be dismissed, or the offending party continues at "the risk of inviting the imposition of Rule 11 sanctions." *Id.* When evaluating whether to impose sanctions for a violation of Rule 11, a court may consider:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 Advisory Notes.

### III. ANALYSIS

Defendants have filed three separate motions for attorney fees, as well as a motion for Rule 11 sanctions. The Court will first consider all claims for attorney fees under Tennessee Code Annotated § 29-20-113, and then evaluate the additional arguments in each motion.[2]

---

[2] Plaintiff filed a motion in response to Defendants' motions for attorney fees (Doc. 251). While Plaintiff's response is difficult to follow, it appears Plaintiff's only argument is that some of the motions were untimely. (*See id.* at 4.) The Court granted all Defendants, except Bo Perkinson and Seth Sumner, an extension of time to file their motions for attorney fees. (Doc. 219.) Defendants Perkinson and Sumner timely filed their motion within the deadline imposed by Federal Rule of Civil Procedure 54(d)(2)(B). (*See* Doc. 220.) The remaining Defendants filed their motions within the deadline established by the Court. (*See* Docs. 219, 222, 231, 233.)

## A. Tennessee Code Annotated § 29-20-113

Defendants Sumner, Perkinson, Ainsworth, Cardin, Garland, and Seth Walker all move for attorney fees under § 29-20-113. (*See* Doc. 220; Doc. 231, at 12.) The Court finds that none is entitled to recover under § 29-20-113 in this suit, because the Court declined to exercise jurisdiction over Plaintiff's state-law claims.

The Court granted these Defendants summary judgment on Plaintiff's federal claims. (*See* Doc. 211, at 1, 18–19.) It then declined to exercise jurisdiction over Plaintiff's state-law claims and dismissed them without prejudice. (*See id.* at 15–16.) "Federal courts must generally apply state law regarding attorney fees to a state law claim pendent to a federal claim." *Shimman v. Int'l Union of Operating Eng'rs, Loc. 18*, 744 F.2d 1226, 1237 n.17 (6th Cir. 1984) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975)). Here, however, the Court declined to exercise pendent jurisdiction over Plaintiff's state-law claims, and it will not now exercise jurisdiction over these claims to determine if a state statute dictates an award of attorney fees. Section 29-20-113 applies to dismissals without prejudice, but in refusing to exercise supplemental jurisdiction over Plaintiff's state-law claims, the Court has ultimately declined to consider any issues pertaining to these claims, including the issue of attorney fees. "Jurisdiction is power to declare the law, and when it ceases to exist, the only

---

Plaintiff also filed a response to Defendants' supplemental briefs. (*See* Doc. 276.) The Court will decline to consider Plaintiff's attempts to argue the merits of Defendants' motions for attorney fees in his supplemental briefing, as he forfeited this opportunity by not raising such arguments in opposition to Defendants' motions. (*See* Doc. 251); *Bryant v. Nease*, No. 5:17-CV-280-JMH, 2017 WL 8640928, at *1 (E.D. Ky. Nov. 16, 2017) ("By failing to timely respond . . . Plaintiff waives opposition to the motion.") (citations omitted); E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The Court will consider Plaintiff's opposition in supplemental briefing to matters raised in Defendants' supplements only.

function remaining to the court is that of announcing the fact and dismissing the case." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 19 L.Ed. 264 (1868)). The Court declined to exercise further jurisdiction over Plaintiff's state-law claims (*see* Doc. 211, at 15–16), and, as such, it will not consider Defendants' request for attorney fees pertaining to these claims under § 29-20-113.[3] Any fees sought under § 29-20-113 will be **DENIED**.

### B. Defendants Sumner and Perkinson

Defendants Sumner and Perkinson argue that they are entitled to attorney fees under 42 U.S.C. § 1988. (Doc. 221, at 3.) The Court agrees. Sumner and Perkinson prevailed on the merits, as the Court granted them summary judgment as to Plaintiff's federal claims. (*See* Doc. 211.) Plaintiff's federal claims against them were also frivolous.

Sumner and Perkinson were not present for the Event that gave rise to Plaintiff's suit. (Doc. 221, at 2.) Plaintiff's First Amendment claims against Sumner and Perkinson were centered around a belief that they told others that Plaintiff intended to video children at the Event for "prurient purposes." (Doc. 31, at 4–5.) However, Plaintiff had no evidence to support this

---

[3] The Court will also deny Defendants any attorney fees under § 29-20-113 for Plaintiff's federal claims. While it is unclear whether any Defendants seek to recover under § 29-20-113 for federal claims (*see* Doc. 234, at 13–15; Doc. 221, at 6–7), to the extent they do, § 1988 governs the attorney-fees inquiry because Plaintiff brought his claims under § 1983. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991) (explaining that a state-law statute governing the recovery of attorney fees would apply only if it does not "run counter to a valid federal statute"); *Williams v. Shelby Cnty. Sch. Sys.*, No. 217CV02284TLPCGC, 2019 WL 490354, at *7 (W.D. Tenn. Feb. 7, 2019), *aff'd*, No. 19-5238, 2020 WL 1190433 (6th Cir. Mar. 12, 2020) ("Tennessee Code Annotated § 29-20-113 will be applied here only if it reflects a substantive policy of the State and does not interfere with a valid federal statute or court rule.").

9

belief.  (*See* Doc. 221, at 2.)  Plaintiff's former counsel, Van Irion,[4] explained that Plaintiff

intended to rely on *res ipsa loquitor* to show that Sumner and Perkinson made these statements.

(Doc. 121, at 51–52.)  As the Court noted before, *res ipsa loquitor* was inapplicable to Plaintiff's

First Amendment retaliation claim.  (Doc. 113, at 14 n.7.)  While the Court found that Plaintiff's

First Amendment claims were plausible enough to survive a motion to dismiss, it reminded

Plaintiff he had an obligation to produce evidence supporting his allegations.  (*Id.*)  In the end,

Plaintiff wholly lacked any evidence showing, or even plausibly suggesting, that Sumner and

Perkinson made these statements.  (*See* Doc. 211, at 7.)  Essentially, Plaintiff's claims against

Sumner and Perkinson were based solely on unfounded speculation, and this does "not form a

foundation to support a claim."  *See Bowman v. City of Olmsted Falls*, 802 F. App'x 971, 975

(6th Cir. 2020) (affirming an award of attorney fees under 42 U.S.C. § 1988 when the plaintiff

failed to offer any proof in support of his claims at summary judgment).  *Christiansburg*

*Garment* cautions that "a district court [should] resist the understandable temptation to engage in

*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action

must have been unreasonable or without foundation."  434 U.S. at 421–22.  However, the history

of this case, including the statements of Plaintiff's counsel (Doc. 121, at 51–52) and Plaintiff's

own testimony (Doc. 166, at 21–23) convincingly demonstrate an appreciation from the outset

that the claims against Sumner and Perkinson lacked merit.  Plaintiff's claims against Sumner

and Perkinson were entirely "without foundation."  *See Christiansburg Garment,* 434 U.S. at 420

(internal citation and quotations omitted); *Bowman*, 802 F. App'x at 975 ("Mere speculation and

intuition do not form a foundation to support a claim.").[5]

---

[4] Irion withdrew as Plaintiff's counsel on February 13, 2024.  (Doc. 138.)

[5] For an illustration of the difference between claims with foundation and those without, compare
*Bowman*, 802 F. App'x 971, with *Canning v. Poole*, No. CIV. 10-16-GFVT, 2013 WL 5217646

The Court finds that fees Sumner and Perkinson request are reasonable. They argue that the hourly rates charged by their attorneys "are in line with or are below prevailing market rates for civil rights litigation in the Eastern District of Tennessee." (*See* Doc. 221, at 8–9.) Sumner and Perkinson request fees at $162 per hour for Laura Beth Rufolo and Aaron Wells, and at $190 per hour for Keith Grant. (Doc. 221, at 8.) They explain that the rate for Rufolo and Wells is lower because Rufolo "does not routinely litigate civil rights cases" and Wells is "an associate" rather than a partner at their firm. (*Id.*) The Court has found rates of $250 per hour and greater to be reasonable for similar cases. *See, e.g.*, *Wimley v. Matheny*, No. 4:06-CV-72, 2008 WL 5130162 (E.D. Tenn. Dec. 3, 2008) (finding rates of $250 and $300 per hour reasonable for attorneys defending against a § 1983 suit). Accordingly, it finds the hourly rate reasonable here. Additionally, the total number of hours worked (312.6 hours) appears reasonable considering the work these attorneys completed. (*See* Doc. 221, at 8; Doc. 220-2.) In accruing roughly 312 hours, the attorneys (1) represented Sumner and Perkinson for over a year and a half (*see* Doc. 220-2, at 1, 41), (2) prepared two dispositive motions (*see* Docs. 40, 167), and (3) expended a significant amount of time in reviewing the filings from the many parties to this case (*see* Doc. 220-2). Plaintiff also raised more allegations against Sumner and Perkinson than most other Defendants in this case (*see* Doc. 31), suggesting that relatively more work would have been expended in their defense. Considering that the attorneys' rate and hours billed are both

---

(E.D. Ky. Sept. 13, 2013) (holding that a plaintiff's claims were not baseless when she personally observed the events giving rise to the claims, even if the defendant prevailed at summary judgment), and *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 186 (6th Cir. 1985) (holding that the plaintiffs' claims were not frivolous when "[t]hey were supported by some evidence").

11

objectively reasonable, the Court finds that Sumner and Perkinson have satisfied the lodestar analysis, and it does not find an extraordinary adjustment is warranted.[6]

The Court finds that the fees Sumner and Perkinson request are reasonable, and as such, the Court will **GRANT** their motion for attorney fees under § 1988.

### C. Defendant Sliger

Defendant Sliger moves for attorney fees under 42 U.S.C. § 1988.[7] (Doc. 223.) The Court finds he is entitled to fees.

Defendant Sliger meets the requirements of § 1988. First, he prevailed on Plaintiff's First Amendment claims. (*See* Doc. 211.) Plaintiff's First Amendment claims against him were also frivolous. Plaintiff brought his First Amendment claims under 18 U.S.C. § 1983, and, as such, Plaintiff was required to prove that Sliger was acting under the color of state law to bring a meritorious claim. (Doc. 31, at 11–12); *West v. Atkins*, 487 U.S. 42, 48 (1988). However, Sliger asserted in his amended answer that he has not been an employee for the City since 2016. (Doc. 111, at 2.) Sliger notified Plaintiff of this before including it in his amended answer. (*See* Doc. 223, at 1.) In response, Plaintiff amended his complaint to allege that Sliger was a former employee of the City but continued to pursue his § 1983 claims against Sliger. (*See* Doc. 31, at 2, 11–12.) When Sliger moved for summary judgment, Plaintiff produced no evidence that he, a former employee of the City, was acting under the color of state law at the time of the Event. (*See* Doc. 186.) Rather, Plaintiff argued that Sliger, as a former employee, was a participant in a conspiracy orchestrated by city employees to deprive Plaintiff of his First Amendment rights.

---

[6] The Court will address reductions in the fee awards dictated by *Fox v. Vice*, 563 U.S. 826 (2011), in Section III.F.

[7] Defendant Sliger initially moved for fees under Tenn. Code Ann. § 29-20-113 as well but withdrew this request. (*See* Doc. 259.)

12

(*See id.* at 22, 24.)  Additionally, Plaintiff "believed [Sliger] had authority within the park" where the Event was held.  (*Id.* at 25.)  Again, there was no evidence suggesting the existence of a conspiracy, nor any evidence suggesting Sliger had authority under state law.  (*See* Doc. 211, at 9–11.)  Plaintiff's First Amendment claims against Sliger lacked any factual basis, and as such, were frivolous.

The hourly rate and the number of hours for which Sliger's counsel billed are reasonable.  Sliger's counsel charged $250 per hour (*see* Doc. 264-1, at 2), a rate which the Court has approved before.  *See, e.g.*, *Wimley*, 2008 WL 5130162.  The amount of time Sliger's counsel expended in defending against these claims is also reasonable.  Sliger's counsel billed for 38.9 hours.[8]  (*See* Doc. 222-1, at 1–2.)  In billing this time, Sliger's counsel (1) prepared a motion for summary judgment (*see* Doc. 163), (2) responded to a motion for judgment on the pleadings (*see* Doc. 95), (3) participated in depositions (*see* Doc. 222-2, at 1), and (4) prepared materials for trial (*see id.* at 1–2).  The Court finds that 38.9 hours is reasonable for these services.  Accordingly, the Court will **GRANT** Defendant Sliger's motion.

### D.  Remaining Defendants

Twenty-five of the original thirty-three Defendants also move for attorney fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927.  (Doc. 234, at 6–13.)  Some of these Defendants also move for attorney fees under Tennessee Code Annotated § 29-20-113.  (*Id.* at 13–15.)

---

[8] Sliger's counsel offered updated billing records in response to the Court's order requiring supplemental materials (*see* Docs. 263, 264), but the Court finds that these records did not adequately comply with the dictates of *Fox*.  *See infra* Section III.F.  Accordingly, the Court considers his first billing record here.  (*See* Doc. 222-1.)

### i. Defendants Voluntarily Dismissed

Plaintiff originally named thirty-three Defendants in this suit. Plaintiff was then notified by counsel Dan Pilkington that sixteen of the original Defendants either "were not present at Athens Regional Park on July 4, 2022" or were present at the Event but never interacted with Plaintiff. (Doc. 231, at 5; Doc. 21; Doc. 22.) Plaintiff subsequently dismissed his claims against these Defendants without prejudice. (Doc. 231, at 5; Doc. 21; Doc. 22.) These Defendants move for attorney fees under § 1988 and § 1927.[9] (Doc. 231, at 5.) The Court finds that these Defendants are not entitled to attorney fees under § 1927 or § 1988.

A plaintiff or defendant must be a prevailing party to recover attorney fees under § 1988. *See Hensley*, 461 U.S. at 433. "A party is 'prevailing' when it achieves a 'material alteration of the legal relationship of the parties.'" *Doe v. Univ. of Michigan*, 78 F.4th 929, 950 (6th Cir. 2023) (quoting *Sole v. Wyner*, 551 U.S. 74, 82 (2007)). A party's victory "must create a lasting change in the legal relationship between the parties." *Id.* at 951 (quoting *McQueary v. Conway*, 614 F.3d 591, 601 (6th Cir. 2010) (internal quotations omitted). "This change must have been ordered by the court, rather than achieved 'because the lawsuit brought about a voluntary change in the defendant's conduct.'" *Id.* (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 601 (2001)).

The Court finds that Defendants voluntarily dismissed from this suit do not meet the definition of a prevailing party. Here, these Defendants were voluntarily dismissed without prejudice. (*See* Docs. 21, 22.) As such, this proceeding produced no lasting change in their legal

---

[9] These sixteen Defendants include: Jackson Ingram, Christopher Smith, Jason Fling, Clara Kirksey, Dexter Miller, Dustin Martin, Joshua Fulbright, Christopher Lillard, Ronald Nipper, Robert Moses, Robert Evans, Dave Albertson, Enoch Dixon, Casey Moses, Joshua Roach and Jonathan Parrott. (Doc. 231, at 4.)

14

relationship with Plaintiff, as he may file suit against them again, assuming no statutory limitations period.  Further, the Court played no part in the dismissal.  Thus, even if the voluntary dismissal did create a lasting change in the legal relationship between the parties, Defendants would still not be prevailing parties for the purposes of § 1988.  *See Doe*, 78 F.4th at 951.  Defendants cannot recover fees under § 1988.

The Court also finds that Defendants are not entitled to fees under § 1927.  Plaintiff's former counsel filed suit against these Defendants even though they never interacted with Plaintiff at the Event; some were not even present.  (*See* Docs. 21–22.)  Plaintiff attached a video to his original complaint that he took at the Event, and this video captures the interactions on which he based his suit.  (*See* Doc. 1-5.)  Thus, with reasonable investigation (simply watching the video), Plaintiff and his counsel could have identified the individuals who interacted with Plaintiff at the Event.  Nonetheless, Plaintiff filed suit against sixteen individuals who never spoke to Plaintiff.  Plaintiff's counsel's conduct in bringing suit against these Defendants falls short of his professional obligations.  *See Blue v. U.S. Dep't of Army*, 914 F.2d 525, 543 (4th Cir. 1990) (explaining that "counsel cannot simply rely on a client's patently incredible testimony when any reasonable investigation of the factual bases for the client's claims or examination of materials obtained in discovery would reveal the paucity and implausibility of the evidence"); Tenn. Sup. Ct. Rules, Rule 8, RPC 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, *unless after reasonable inquiry the lawyer has a basis in law and fact for doing so that is not frivolous*, which includes a good faith argument for an extension, modification, or reversal of existing law." (emphasis added)).

However, Plaintiff voluntarily dismissed these Defendants shortly after filing his complaint.  (*See* Docs. 21, 22.)  The Court finds sanctions against Plaintiff's former counsel

unwarranted considering this corrective action, as it minimized these Defendants' involvement in the case. As such, it declines to award these Defendants fees under § 1927.[10] Defendants' request for fees is **DENIED**.

### ii. Defendants Ramsey and Key

Defendants Chad Ramsey and Quintin Key move for attorney fees under § 1988 and § 1927. (Doc. 231, at 8.) The Court finds that Ramsey and Key are not entitled to fees under either statute.

Ramsey and Key are unable to recover under § 1988 because Plaintiff voluntarily dismissed them from the suit without prejudice. (*See* Doc. 72.) As with the other Defendants voluntary dismissed without prejudice in this suit, Ramsey and Key's legal relationship with Plaintiff is unchanged, as he could file suit against them again. Further, the Court took no part in the dismissal. Accordingly, Ramsey and Key are not prevailing parties under § 1988, and they cannot recover fees under the statute.

Ramsey and Key are also not entitled to fees under § 1927. Again, Plaintiff and his counsel failed to verify that Ramsey and Key were present at the Event before filing suit and admitted as much to the Court. In response to the Court's order (Doc. 38) requiring Plaintiff to show cause for his failure to serve various Defendants within the timeline provided by Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff stated that Key and Ramsey "may or may not turn out to be the individuals appearing in [Plaintiff's] video." (Doc. 39, at 7.) Plaintiff and his

---

[10] Some courts have been reluctant to award fees pursuant to § 1927 on the basis of the complaint alone. *See, e.g., El-Khalil*, 2023 WL 5827666 at *8–9 (declining to award fees under § 1927 for meritless claims in a complaint); *but see Bojicic v. DeWine*, 714 F. Supp. 3d 913, 936 (N.D. Ohio 2024) (awarding fees under § 1927 when the plaintiffs filed a "frivolous and fruitless" complaint with no legal basis). The Court finds this approach informative here, considering the short length of time these Defendants were involved in the suit before being voluntarily dismissed.

16

counsel failed to determine whether Ramsey and Key were proper Defendants before filing the complaint, and over four months later, they still had not conducted a sufficient investigation to verify whether Ramsey and Key were proper parties. (*See* Docs. 1, 39.) However, Plaintiff voluntarily dismissed them from the suit thereafter. (*See* Doc. 72.) As a result, Ramsey and Key did not have to litigate this case on the merits. As with the other Defendants voluntarily dismissed, the Court finds that sanctions are unwarranted due to this corrective action. Ramsey and Key are not entitled to fees under § 1927, and their request for attorney fees is **DENIED**.

### iii.    Defendant Gable

Defendant Gable moves for attorney fees under § 1988 and § 1927. (Doc. 231, at 10.) Gable is not entitled to fees under either statute.

Gable cannot recover fees under § 1988, because he is not a prevailing party. Gable filed a motion to dismiss for Plaintiff's failure to properly serve him. (*See* Doc. 85.) Plaintiff did not oppose the motion (*see* Doc. 94), and the Court granted it thereafter. (Doc. 108.) The context of Gable's dismissal is certainly distinguishable from Defendants voluntary dismissed from the suit. Unlike those voluntarily dismissed, the Court played a role in Gable's dismissal, and Gable filed a motion seeking such relief. (*See* Docs. 85, 108.) However, the Court finds that Gable still fails to qualify as a prevailing party. First, Gable was dismissed because Plaintiff failed to properly serve him within the timeframe established by Federal Rule of Civil Procedure 4(m). (*See* Doc. 84, at 2.) As such, this dismissal was without prejudice. *See* Fed. R. Civ. P. 4(m). Further, the Court offered no relief pertaining to the merits of Plaintiff's claims. (*See* Doc. 108, at 5–6.) Plaintiff remained free to file suit against Gable and the Court affected no lasting legal change between Plaintiff and Gable. This dismissal, unrelated to the merits, does not make Gable a prevailing party under § 1988. *See Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (explaining that a

17

party must "receive at least some relief on the merits of his claim before he can be said to prevail" under § 1988). Accordingly, Gable cannot recover fees under § 1988.

Gable is also not entitled to recover under § 1927. As with several other Defendants, Plaintiff and his counsel failed to verify that Gable was a proper party before filing Plaintiff's complaint. Additionally, after the Court issued multiple show cause orders addressing Plaintiff's failure to serve multiple Defendants (Docs. 38, 42, 66), Plaintiff filed proof that he served Gable on July 5, 2023, seven months after he filed his complaint. (*See* Docs. 1, 71.) However, Gable filed a motion to dismiss on July 21, 2024, arguing that Plaintiff failed to properly serve him. (Doc. 84.) Plaintiff did not oppose Gable's dismissal. (*See* Doc. 94.)

Again, the context surrounding Gable's dismissal is distinguishable from Defendants who were voluntarily dismissed. Plaintiff's counsel's conduct was more egregious, as Gable had to file a motion to dismiss prior to his dismissal. (*See* Doc. 84.) As a result, Gable was a party to the suit for longer, and Gable's counsel expended more effort in his defense compared to Defendants voluntarily dismissed. The Court still finds sanctions inappropriate under § 1927. While Plaintiff's refusal to oppose Gable's motion to dismiss is not quite as redeeming as a voluntary dismissal, considering the additional work that went into Gable's motion,[11] this decision still minimized Gable's involvement in the suit. Ultimately, Gable did not have to litigate the case on its merits, much like those Defendants voluntarily dismissed. As such, the Court will not award fees pursuant to § 1927, and Gable's request for attorney fees is **DENIED**.

---

[11] Per Gable's attorneys' billing entries, the motion to dismiss took about 7 hours to complete. (*See* Doc. 232-1, at 7–8.)

18

### iv.   Defendants Ainsworth, Cardin, Garland, Rod Walker, and Seth Walker

Defendants Ainsworth, Cardin, Garland, Rod Walker, and Seth Walker move for attorney fees under U.S.C. § 1988 and 28 U.S.C. § 1927.  (Doc. 231, at 11–12.)

#### a.  Defendant Brandon Ainsworth

Defendant Ainsworth is entitled to fees under both § 1988 and § 1927.  Ainsworth prevailed in this matter, as the Court granted his motion for summary judgment as to Plaintiff's federal claims.  (Doc. 212.)  Additionally, Plaintiff's claims against him were frivolous.  As with other Defendants, Plaintiff had no evidence Ainsworth ever "made any false and defamatory statements about Whiting or directed or encouraged City employees to harass Whiting at the July 4 event."  (Doc. 162, at 11; *see* Doc. 160, at 16–21, 26.)  Plaintiff never interacted with Ainsworth at the Event.  (Doc. 160, at 16, 26.)  Plaintiff's suit against Ainsworth was based upon speculation that he participated in a conspiracy to deprive Plaintiff of his First Amendment rights.  However, as with the other Defendants that Plaintiff alleged participated in such conspiracy, there is no evidence Defendant Ainsworth ever acted in such a way that remotely suggests he engaged in a conspiracy.  (*See, e.g.*, *id.* at 27 (Ainsworth explaining that he told others at the Event that Plaintiff had a right to be there and to "[c]alm it down and let this go.").)  Thus, Plaintiff's claims against Ainsworth were frivolous, and Plaintiff's counsel unreasonably multiplied the claims Ainsworth had to defend against by litigating this suit.[12]

The fees Defendant Ainsworth requests are reasonable.  The Court finds that the hourly rate and time expended on the case are reasonable for these Defendants.  They request fees

---

[12] The Court finds that Defendants who prevailed on summary judgment are distinguishable from those dismissed at earlier stages of the case for the purposes of § 1927 because they had to defend the case on the merits.  This entails more effort and expense caused by Plaintiff and his counsel's unreasonable conduct.

charged at $229 per hour. (Doc. 232.) Defendants state that this rate is "actually below the prevailing rates in the community for complex civil rights litigation." (Doc. 234, at 24.) The Court agrees. *See, e.g.*, *Wimley*, 2008 WL 5130162. Defendants' attorneys have prior experience with cases of this sort (*see* Doc. 232, at 2–3); the fee they request adequately accounts for this experience.[13] Ainsworth requests a total of $23,209.97, meaning his attorneys are charging for about 101 hours (23,209.97/229 = 101.35). Ainsworth's attorneys represented him for roughly a year and half (*see* Docs. 1, 211), and during that time they (1) filed three dispositive motions (*see* Docs. 17, 58, 161), (2) engaged in discovery, and (3) participated in extensive motions practice for other various matters (*see* Doc. 232-1). The Court finds that 101 hours reasonably corresponds to this amount of work. Defendant Ainsworth's request for attorney fees is **GRANTED**.

### b. Defendant Deb Cardin

Defendant Cardin is entitled to attorney fees under § 1988 and § 1927. Cardin prevailed on summary judgment (Doc. 212), and Plaintiff's claims against Cardin were frivolous. In his complaint, Plaintiff alleged that Cardin yelled "don't fucking video tape kids in the goddamned park. Don't let me catch you doing it again . . . Get the fuck out of here!" (Doc. 1, at 7; Doc. 31, at 9.) However, Plaintiff later admitted that all allegations against Cardin in his complaint were based on a misidentification, and that she did not make this statement. (*See* Doc. 120, at 5–6.) Plaintiff admitted this on September 18, 2023, but declined to dismiss Cardin from the suit after. (*See id.*; Doc. 211 (granting summary judgment to Cardin).) As with the other Defendants who

---

[13] The Court notes that all Defendants in Section C of this order are represented by attorneys Dan Pilkington and Brian Bibb. Thus, each Defendant in Section C requests fees at a rate of $229 per hour (*see* Doc. 232), and this analysis of the hourly rate applies throughout Section C.

never should have been named in this suit, Plaintiff and his counsel unreasonably required Cardin to defend this action. As such, she is entitled to fees under § 1988 and § 1927.

The fees Defendant Cardin requests are reasonable. Her counsel billed at $229 per hour. She requests $21,377.97, which corresponds to roughly 93 billed hours (21,377.97/229 = 93.35). The amount of work her counsel completed in her defense largely tracks that of Defendant Ainsworth, as they were dismissed from the suit at the same time. (*See* Doc. 211.) However, her counsel only filed two dispositive motions on her behalf, rather than three. (*See* Docs. 118, 161.) Her attorneys' billing entries show that significant amounts of time were still dedicated to discovery, and motions practice on various matters. (*See* Doc. 232-1.) Additionally, her counsel devoted significant time to her arguments to summary judgment specifically. (*See id.* at 12 (showing 12.3 hours expended on Cardin's summary judgment arguments).) The Court finds 93 hours reasonable for this work. Defendant Cardin's request for attorney fees is **GRANTED**.

### c. Defendant Tom Garland

Defendant Garland is entitled to fees under § 1988 and § 1927. Garland prevailed on summary judgment (Doc. 212), and Plaintiff's First Amendment claims against Garland were baseless. Garland interacted with Plaintiff at the Event, as he spoke with Plaintiff after Defendant Seth Walker told him that Plaintiff was videoing children. (Doc. 162, at 10.) Garland stated that "filming juveniles is not legal," and then clarified this statement by explaining to Plaintiff that people were upset that he was filming their children and that causing a disturbance can be illegal in certain circumstances. (*Id.* at 9.) Garland then explained that filming itself is not illegal. (*Id.*) Plaintiff offered the following description of his interaction with Garland: "[Garland] explained that everything we are doing is legal . . . and he said just please don't talk to anybody if they yell at you. Just don't talk to them. Just walk on by . . . . He was real polite."

21

(Doc. 211, at 4.)  As the Court noted before, "Garland advised Whiting on how to continue livestreaming without 'creating a disturbance'" and "[n]o evidence even hints that anyone was motivated to stop Whiting's effort to 'show the fact that [the Picnic] is wrong.'"  (*Id.* at 15.)  There is no evidence that Garland deprived Plaintiff of his First Amendment rights.  Garland is entitled to fees under § 1988 and § 1927.

The fees Defendant Garland requests are reasonable.  His counsel billed at $229 per hour.  Garland requests a total of $18,790.27, meaning his attorneys charged for approximately 82 hours (18,790.27/229 = 82.05).  Garland's counsel accrued these hours over a year and a half.  (*See* Docs. 1, 211, 232-1.)  As with Defendants Ainsworth and Cardin, his attorneys (1) engaged in extensive discovery, (2) spent significant amounts of time meeting and conferring with the parties to the suit, (3) engaged in motions practice on various issues, and (4) filed a motion for summary judgment on his behalf.  (*See* Docs. 211, 232-1.)  These efforts reasonably correspond to 82 billed hours.  Defendant Garland's request for attorney fees is **GRANTED**.

### d.  Defendant Rod Walker

Defendant Rod Walker is not entitled to fees under § 1988.  Plaintiff did not bring any federal claims against Rod Walker (*see* Doc. 31, at 11; Doc. 162, at 13 n.14), and, therefore, he cannot recover fees under § 1988.  *See Ash*, 2013 WL 4777176 at *3.

The Court also finds that an award of fees is not warranted under § 1927.  The purpose of awarding fees pursuant to § 1927 is to "deter and punish those who abuse the judicial process."  *Dean's Cards*, 2014 WL 3793575 at *2.  Thus, the Court could still award Rod Walker fees upon a finding that Plaintiff's counsel's conduct "unreasonably and vexatiously" multiplied the proceedings he had to defend against.  *See* § 1927.  However, "[s]anctions under § 1927 are discretionary."  *Stephens v. Freeman-McCown*, 198 F.3d 247 (Table) (6th Cir. 1999); *Runfola &*

*Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996) (explaining that "an award under § 1927 is discretionary"). Here, the Court declines to impose sanctions against Plaintiff's counsel when the Court declined to exercise jurisdiction over Plaintiff's state-law claims. Plaintiff brought federal claims against all other Defendants recovering under § 1927 (*see* Doc. 1; Doc. 31, at 11–12),[14] and the Court found those federal claims wholly lacking merit (*see* Doc. 211). It made no such finding for the state-law claims. (*See id.*) Thus, the Court has not found that any claims against Rod Walker are meritless. As such, the Court declines to award fees under § 1927, and Defendant Rod Walker's motion for fees is **DENIED**.

### e. Defendant Seth Walker

Defendant Seth Walker is entitled to fees under § 1988 and § 1927. He prevailed on Plaintiff's federal claim at summary judgment. (*See* Doc. 211.) Plaintiff claimed that Seth Walker grabbed Plaintiff's shoulder and held him in place while Rod Walker assaulted Plaintiff. (Doc. 31, at 9.) This was Plaintiff's sole allegation against Seth Walker. However, Plaintiff admitted he harbored no concern that Seth Walker was going to strike him or hurt him. (*See* Doc. 211, at 13; Doc. 160, at 22.) Seth Walker simply asked Plaintiff not to record his children. (*See* Doc. 211, at 3, 15.) Again, Plaintiff's First Amendment retaliation claim lacked any evidence. Plaintiff's counsel's efforts to pursue this suit against Seth Walker unreasonably multiplied the proceedings he had to defend against.

The fees Defendant Seth Walker requests are reasonable. His attorneys billed at $229 per hour. He requests $18,629.97 in fees (*see* Doc. 232, at 6), meaning they are charging for roughly 81 hours (18,629.97/229 = 81.34). Pilkington and Bibb's work for Seth Walker was comparable

---

[14] Plaintiff initially brought federal claims against all Defendants, including Rod Walker (*see* Doc. 1, at 9–10), and later limited his federal claims to certain Defendants in his amended complaint (*see* Doc. 31, at 11–12).

to their work for Garland, meaning they (1) engaged in extensive discovery, (2) spent significant amounts of time meeting and conferring with the parties to the suit, (3) engaged in motions practice on various issues, and (4) filed a motion for summary judgment on his behalf. (*See* Docs. 211, 232-1.) The hours expensed to Garland and Seth Walker are nearly identical, and the Court again finds that the billed hour amount is reasonable. Defendant Seth Walker's motion for fees is **GRANTED**.

### v. The City of Athens

The City moves for fees under § 1988 and § 1927. (Doc. 231, at 16.) Plaintiff brought his First Amendment claim against the City under § 1983. (Doc. 31, at 11–12.) To hold a municipality liable under § 1983, a plaintiff must show that his civil rights were violated "as a direct result of a municipality's policy or custom." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 900 (6th Cir. 2005). Plaintiff alleged that Defendants Sumner, Perkinson, and Ainsworth instructed and encouraged City employees to harass, assault, and defame Plaintiff in retaliation for his recording of the Event, and that this represented an official policy of the City. (*See* Doc. 31, at 14–15.) However, as this order makes clear, Plaintiff's First Amendment claims are devoid of supporting evidence. As such, there is nothing to suggest that the City adopted a policy of retaliation against Plaintiff, and both Plaintiff and his counsel knew or should have known this when filing suit. The City is entitled to fees under both § 1988 and § 1927.

The fees the City requests are reasonable. Pilkington and Bibb charged the City $229 per hour. The City requests $21,286.37 (*see* Doc. 232, at 5), meaning that its counsel billed for almost 93 hours (21,286.37/229 = 92.95). In accruing these hours, the Pilkington and Bibb (1) filed two dispositive motions (*see* Doc. 14, 161), (2) engaged in discovery and motions practice relating to discovery (*see*, *e.g.*, Docs. 130, 131), (3) conferred with the parties to the suit, and (4)

24

engaged in motions practice on other various issues (*see* Doc. 232-1). Considering this, 93 hours is a reasonable amount. The City's motion for attorney fees is **GRANTED**.

### E. Rule 11 Sanctions

Defendants Ainsworth, Cardin, and the City also move for sanctions and attorney fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. (*See* Doc. 233.) Rule 11 requires that a party's pleading or motion before the Court must be warranted under existing law and that the factual contentions supporting the party's position have evidentiary support. A party has a duty to make a reasonable inquiry into the circumstances surrounding a case to ensure these requirements are met. *See* Fed. R. Civ. P. 11(b). In this case, Plaintiff and his attorney failed to make such inquiry into whether the suit had merit. They possessed video evidence of the actions that gave rise to Plaintiff's suit, yet they proceeded to ignore this evidence, name parties to the suit whom Plaintiff never interacted with, and vexatiously force Defendants to contest this unnecessary action. This falls short of Rule 11's standards. *See Ho Myung Moolsan Co. v. Manitou Min. Water, Inc.*, 665 F. Supp. 2d 239, 264–65 (S.D.N.Y. 2009) (finding that the plaintiffs violated Rule 11 when there was no factual basis for their claims but declining to impose sanctions); *Catcove Corp. v. Patrick Heaney*, 685 F. Supp. 2d 328, 338 (E.D.N.Y. 2010) (finding that the plaintiffs violated Rule 11 when they barely interacted with multiple defendants).

Defendants complied with the procedural requirements of Rule 11 when bringing their motion. On January 24, 2023, they requested that Plaintiff's counsel withdraw Plaintiff's complaint and informed him that they would be moving for Rule 11 sanctions should he fail to do so. (*See* Doc. 233, at 17; Doc. 233-1.) On March 3, 2023, Defendants sent Plaintiff's counsel a follow-up letter reiterating their intent to file a motion for sanctions, and a draft motion was

25

attached to the letter. (*See* Doc. 233, at 17; Doc. 233-2; Doc. 233-3.) Defendants provided Plaintiff and his counsel with notice and a reasonable opportunity to respond, as they did not file their motion with the Court until July 12, 2024. (*See* Doc. 233.) This is well over the twenty-one-day period required by Rule 11(c). Further, Defendants filed their motion separate from any other motion, and they identified the specific conduct that violated Rule 11. (*See id.*)

However, the Court will not impose additional sanctions pursuant to Rule 11 here. A sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The decision to impose sanctions lies squarely within the discretion of the Court. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("[T]he decision whether or not to impose sanctions is a matter for the court's discretion."); *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) ("The district court's award of Rule 11 sanctions is reviewed for abuse of discretion."). Plaintiff and his attorney will be required to pay a meaningful sum of attorney fees on the grounds described above, and the Court finds that this is sufficient to deter their behavior moving forward. Accordingly, no additional sanctions will be imposed pursuant to Rule 11.

### F. Fee Reductions

The Court finds that all attorney fees Defendants request are reasonable under a lodestar analysis. The rates charged by the attorneys for Defendants are equivalent to or lower than rates approved by the Court in similar cases. (*See* Doc. 221, at 8; Doc. 222-1, at 2; Doc. 232, at 3); *Wimley*, 2008 WL 5130162. Further, all of Defendants' attorneys have provided billing records (*see* Docs. 220-2, 222-2, 232-1), and they have reduced their fee requests to account for the work on Plaintiff's federal claims and Plaintiff's state-law claims. (*See* Doc. 264, at 1; Doc. 265, at 4–6; Doc. 266, at 3–4.) Defendants' attorneys also delineate the portion of fees incurred before Van

26

Irion's withdrawal as Plaintiff's counsel. (*See* Doc. 265, at 6–8.) However, the Court will adjust the fee awards sought for the following reasons.

In response to Defendants' supplemental briefing, Plaintiff takes issue with Defendants' attorneys' method for apportioning their fees between Plaintiff's federal and state-law claims. (*See* Doc. 276, at 17–19.) Specifically, Plaintiff argues that apportioning the fees by percentages fails to meet the standard outlined in *Fox v. Vice*, 563 U.S. 826 (2011).[15] (*See* Doc. 276, at 17–19.) Plaintiff also asserts that Defendants improperly apportioned their fees among Plaintiff's federal and state-law claims, as he claims "that if attorney time would apply to EITHER the state-law or federal claim, then that time cannot be reimbursed even for a 'frivolous' federal claim, because it would have had to have been expended anyway." (*Id.* at 20 (emphasis in original).)

The Court finds that Defendants have generally apportioned their fees in accordance with *Fox*. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838. Defendants have advanced reasons explaining why more time was expended in defense of Plaintiff's federal claims than his state-law claims. Counsel for Defendants Perkinson and Sumner assert that they spent more time working on Plaintiff's federal claims because they could have resulted "in a more significant monetary award" than Plaintiff's state-law claims. (Doc. 277, at 3.) Pilkington explained that the increased complexity of defending against the federal claims factored into his fee apportionment. (*See* Doc. 278, at 10.) These kinds of considerations

---

[15] *Fox* provides that "Section 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous [§ 1983] claim." 563 U.S. at 836.

are in accord with *Fox*, and the Court sees no issue with a percentage reduction. *See* 563 U.S. at 837–38 (listing factors that may be considered in apportioning fees among frivolous and non-frivolous claims); *Howe v. City of Akron*, 705 F. App'x 376, 383 (6th Cir. 2017) (affirming the district court's percentage reduction of a fee award). However, the Court finds that Defendants' proposed reductions are not entirely in line with *Fox*.[16]

Defendant Sliger's apportionment of fees is the furthest from the requirements of *Fox*. Sliger only seeks fees under § 1988. (*See* Doc. 264.) As with the other Defendants, Sliger's counsel did not apportion fees in accordance with *Fox* when initially moving for fees. (*See* Doc. 222; Doc. 263, at 2.) In Sliger's supplemental briefing, his counsel only struck fees "clearly applicable" to the defense against Plaintiff's state-law claims. (*See* Doc. 264, at 1.) This is the incorrect standard, and it resulted in less than a 10% reduction from Sliger's counsel's first calculation. (*See* Doc. 222-1, at 2; Doc. 264-1, at 2.) In analyzing Sliger's counsel's time entries, many appear as though they addressed both Plaintiff's federal and state-law claims. (*See* Doc. 222-1, at 1–2.) As a result, the Court will reduce the initial fee award Sliger requested.

The Court also finds that a greater reduction than other Defendants propose is warranted. All Defendants except Sliger applied a 40% reduction on the fees they requested under § 1988 to account for the work that was attributable to Defendants' state-law claims. (*See* Doc. 265, at 5; Doc. 266, at 3–4.) While they have advanced valid reasons explaining why Plaintiff's federal claims were the focus of their work, much of the work appears applicable to Plaintiff's state-law claims as well. Defendants' motions for summary judgment help demonstrate that Plaintiff's federal claims took a central role in the case, as more effort was spent in addressing these claims.

_____

[16] All Defendants except Sliger applied a 40% reduction on the fees they requested under § 1988 to account for the work that was attributable to Defendants' state-law claims. (*See* Doc. 265, at 5; Doc. 266, at 3–4.)

(*See* Docs. 162, 164, 168.) This likely affected legal research and drafting to a greater extent than any efforts to discern the facts of the case. A large portion of the discovery and other work dedicated to developing the facts would have applied to either the federal claims or state-law claims. *See Fox*, 563 U.S. at 839 (suggesting that "fact-gathering activities" would apply to both federal and state-law claims). The Court finds that work billed for fact-gathering activities along with the other work dedicated to Plaintiff's state-law claims accounts for more than 40% of the total billed hours. Considering the billing records provided (*see* Docs. 220-2, 222-1, 232-1) and the explanations for the reduction that Defendants' attorneys offered, the Court finds that a 60% reduction, rather than 40%, is appropriate here. This accurately accounts for the overlap between the work applicable to both the federal and state-law claims, and, thus, ensures the dictates of *Fox* are met. *See* 563 U.S. at 836 ("Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous [federal] claim.").

The Court will also exercise its discretion and reduce any fee awards under § 1927 to match the award under § 1988. The Court finds that the amounts granted under § 1988 will suffice to deter Plaintiff's counsel's conduct in the future. As such, no award under § 1927 for any Defendant will be greater than the award under § 1988.

The Court will outline the fee awards below. Plaintiff is liable for all fees awarded under § 1988. Plaintiff's former counsel, Van Irion, is liable for all fees awarded pursuant to § 1927. Plaintiff and his former counsel will be jointly and severally liable for fee awards under which both are responsible. When a defendant is entitled to recover under multiple statutes, the Court will identify the statute associated with the fee amount and the total fee award to illustrate the portion of the fee for which Plaintiff and his former counsel will be jointly and severally liable. The awards are as follows:

29

- Seth Sumner and Bo Perkinson: **$21,155.60** under § 1988.

- Brandon Ainsworth: **$9,283.70** under § 1988; **$9,283.70** under § 1927; for a total of **$9,283.70.**

- Deb Cardin: **$8,551.19** under § 1988; **$8,551.19** under § 1927; for a total of **$8,551.19**.

- Tom Garland: **$7,516.11** under § 1988; **$7,516.11** under § 1927; for a total of **$7,516.11**.

- Seth Walker: **$7,451.99** under § 1988; **$7,451.99** under § 1927; for a total of **$7,451.99**.

- City of Athens: **$8,514.55** under § 1988; **$8,514.55** under § 1927; for a total of **$8,514.55**.

- Jamison Sliger: **$3,890** under § 1988.

## IV.     CONCLUSION

For the aforementioned reasons, Defendant Perkinson, Sumer, and Sliger's motions for attorney fees (Docs. 220, 222) are **GRANTED**.  The remaining Defendants' motion for attorney fees (Doc. 231) is **GRANTED IN PART** and **DENIED IN PART**.  Defendants' motion for Rule 11 Sanctions (Doc. 233) is **GRANTED** but the Court declines to impose sanctions pursuant to Rule 11.  Plaintiff Glenn Whiting is hereby **ORDERED** to pay all attorney fees awarded pursuant to 42 U.S.C. § 1988.  Plaintiff's former counsel, Van Irion, is hereby **ORDERED** to pay all attorney fees awarded pursuant to 28 U.S.C. § 1927.  Plaintiff and his former counsel **SHALL** be held jointly and severally liable for any overlapping fee awards.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**